PEOPLE *v.* PODSIAD.

1. CRIMINAL LAW—ACCEPTING MONEY FROM EARNINGS OF PROSTITUTE—EVIDENCE—QUESTION FOR JURY.

In prosecution for accepting money from earnings of a prostitute where prostitute testified that she resided in basement apartment of defendant's home and had agreed to work for her, selling beer and whiskey on the premises, in return for her board and room, and to engage in prostitution and pay defendant all of the money she thereby received and that defendant threatened to beat her unless she turned over all money she received therefor and that she did engage in sexual intercourse with various men on numerous occasions while residing in defendant's home whereas defendant claimed the prostitute paid money for board and room and that defendant had no knowledge of her prostitution, it was a question of fact for the jury to determine whether the prostitute paid money received from prostitution to defendant and whether defendant knowingly received the proceeds of such prostitution (Act No. 328, § 457, Pub. Acts 1931).

2. SAME—MISTRIAL—IRRESPONSIVE ANSWER OF WITNESS—CURING ERROR.

Irresponsive answer of State's character witness to question of how long he had known defendant charged with accepting money from earnings of a prostitute that it was "five years ago, when she was first arrested for pandering—with her attorney," *held*, not ground for reversal, upon appeal for claimed error in denial of motion for mistrial, where court immediately instructed jury to disregard the answer and ordered it stricken from the record and no attempt was made to deprive defendant of her rights to avoid incriminating herself, directly or indirectly, and when she took the stand in her own defense no attempt was made to show that there was no truth in the answer of the witness if such were the fact and it had been necessary to remove such an implication (Act No. 328, § 457, Pub. Acts 1931).

3. TRIAL—IRRESPONSIVE ANSWER OF WITNESS—CURING ERROR.

The fact that a witness, by an irresponsive answer, is likely to do much mischief does not necessarily result in reversible error, if the court applies the proper corrective.

4. CRIMINAL LAW—SENTENCE ON TWO COUNTS FOR SAME TERM TO RUN CONCURRENTLY.

Sentence of defendant on two counts, based upon the same act, for the same period of imprisonment and to run concurrently was not error, as, in effect, it is but a single sentence.

5. SAME—HABITUAL CRIMINAL ACT INAPPLICABLE TO SENTENCES ON TWO COUNTS RUNNING CONCURRENTLY.

The habitual criminal law does not apply to sentence of one convicted upon two counts based on the same act where sentences are for same period and to run concurrently as it applies only to persons who, after having been convicted of one felony, commit an additional crime (3 Comp. Laws 1929, § 17338).

6. SAME—WITHDRAWAL OF COUNTS.

Withdrawal of various counts in prosecution for accepting money from the earnings of a prostitute held, not to have resulted in reversible error notwithstanding withdrawal was not made until the conclusion of the trial (Act No. 328, § 457, Pub. Acts 1931).

7. SAME—ACCEPTING MONEY FROM EARNINGS OF PROSTITUTE—EVIDENCE.

Verdict of conviction under charge of accepting money from the earnings of a prostitute held, not against the great weight of the evidence in record (Act No. 328, § 457, Pub. Acts 1931).

Appeal from Wayne; Ferguson (Homer), J. Submitted October 17, 1940. (Docket No. 119, Calendar No. 40,879.) Decided December 10, 1940. Rehearing denied February 7, 1941.

Blanche Podsiad was convicted of accepting money from earnings of a prostitute. Affirmed.

*Asher L. Cornelius* and *Louis Tucker,* for appellant.

*Thomas Read,* Attorney General, *Paul W. Voorheis,* Prosecuting Attorney, and *William L. Brunner* and *Joseph L. Bannigan,* Assistant Prosecuting Attorneys, for the people.

McAllister, J.   Defendant was convicted of the offense of accepting money from the earnings of a prostitute and deriving support from such earnings in violation of Act No. 328, § 457, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-457, Stat. Ann. § 28.712), and appeals, claiming that the proof was not sufficient to sustain the conviction; that defendant was prejudiced by being tried on various counts which were afterwards withdrawn from the jury; that prejudicial error resulted from a certain irresponsive answer to a question by one of the witnesses for the people; and that the trial court, in sentencing the defendant on two counts based on the same act, was in error.

Defendant was a married woman, 47 years old, and resided with her husband and children in the city of Wyandotte.   It was claimed by the prosecution that she accepted money from the earnings of Thelma Coburn, who engaged in prostitution on the premises of defendant.   The witness Coburn testified that she resided in a basement apartment of defendant's home and had agreed with defendant to work for her, selling beer and whiskey on the premises, in return for her board and room, and to engage in prostitution and pay defendant all of the money she thereby received.   She further testified that she not only paid defendant moneys received for acts of prostitution, but that the defendant had threatened to beat her unless she turned over to defendant all of the money she received therefor. It appears that the witness Coburn engaged in sexual intercourse with various men on numerous occasions while residing in defendant's home.   It is defendant's claim that Thelma Coburn paid money to her for board and room, and that she had no knowledge of her prostitution.   But under the evidence, it was a question of fact for the jury to de-

termine whether the Coburn woman paid to defendant money received from prostitution, and whether defendant had knowingly received the proceeds of such prostitution.

With regard to the claim that defendant was prejudiced by the answer of one of the State's witnesses during his examination, it appears that witness Martin, called in rebuttal by the prosecution after defendant had introduced in evidence testimony of good character, testified:

"*Q.* How long have you known her (meaning Blanche Podsiad, the defendant)?

"*A.* My meeting with Mrs. Podsiad was, I believe, five years ago, when she was first arrested for pandering—with her attorney."

Immediately after the above answer had been made by the witness, defendant's counsel moved for a mistrial. The court refused to grant the motion and instructed the jury to disregard the answer of the witness and ordered it stricken from the record. The fact that a witness, by an irresponsive answer, is likely to do much mischief does not necessarily result in reversible error, if the court applies the proper corrective. See *People* v. *Mead,* 50 Mich. 228; *People* v. *Rozewicz,* 228 Mich. 231.

"When a witness for any reason gives an irresponsive answer and which is not competent evidence, and the answer is suppressed at once, the case must be a very peculiar and very strong one which would justify a reversal for such fault or mistake of the witness." *Hill* v. *Robinson,* 23 Mich. 24, 29.

In this case, neither the court nor the examining counsel were at fault. The answer of the witness was immediately stricken and the jury were promptly directed to disregard the testimony. There was no attempt to deprive defendant of her rights to avoid

incriminating herself, directly or indirectly. In fact, she was a witness in her own defense, and it would have been easy for her to show that there was no truth in the answer of the witness if such were the fact and it had been necessary to remove such an implication. Under the circumstances of this case, we are of the opinion that the answer complained of did not inject reversible error into the trial. *People* v. *Bigge,* 288 Mich. 417, relied upon by defendant, is distinguishable from the present case. There the action of the prosecuting attorney, in making a statement before the jury, was held to constitute reversible error. The rule is different where the prosecutor is to blame for the impropriety.

With regard to the claimed error in sentencing defendant on two counts, based upon the same act, we find no error. Althorgh she was sentenced on each count, the sentences were for the same period of imprisonment and were to run concurrently. It is held that when a defendant is convicted on several indictments tried at the same time and is sentenced on each to run concurrently, the judgment will not be reversed because the evidence was insufficient to support one indictment, since the sentence is, in fact, but a single sentence and is supported by the conviction on the other indictments. *Norton* v. *United States,* 123 C. C. A. 609 (205 Fed. 593).

In *Imboden* v. *People,* 40 Col. 142, 188 (90 Pac. 608, 623), a case involving a similar contention, the court said:

"The last contention of plaintiffs in error is that they were convicted four times for one offense, because, as they say, it was all one transaction. This does not appeal to us with much force, either as to the merits of the contention, or as to any prejudice which the defendants have suffered on account

thereof. While they were convicted upon each of the four counts, there was but one sentence imposed; that is, they were sentenced for the same term upon each count, and the sentence was to run concurrently, so that while convicted for four offenses they are only suffering one sentence."

But it is further contended that sentences upon each of two counts growing out of the same act should not be permitted; that such sentences would result in convictions of more than one offense, and expose defendant to the severity of the habitual criminal act. This act provides:

"A person, who *after* having been convicted within this State of a felony, or an attempt to commit a felony, or, under the laws of any other State, government or country, of a crime which if committed within this State, would be a felony, commits any felony within this State, is punishable upon conviction as follows: If the subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than one-half of the longest term nor more than one and one-half times the longest term prescribed for a first conviction of such offense; if the *subsequent* felony is such that, upon a first conviction the offender might be punished by imprisonment for life, then such person must be sentenced to imprisonment for life or for a term of not less than five years." 3 Comp. Laws 1929, § 17338 (Stat. Ann. § 28.1082).

It is obvious that the above provisions of the statute relate to convictions for subsequent felonies. They apply only to persons who, after having been convicted of one felony, commit an additional crime,

and are inapplicable to convictions on different counts growing out of the same act.

With regard to the fact that various counts were not withdrawn until the conclusion of the trial, we find no prejudice; and from an examination of the record and the testimony it cannot be said that the verdict was against the great weight of the evidence.

We find no error, and the conviction is affirmed.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.