## PEOPLE *v.* VAN WIE

1. CRIMINAL LAW—TRIAL—EVIDENCE—PRIOR CONVICTIONS—MISTRIAL. Refusal of trial court to grant defendant a mistrial after testimony was elicited that defendant was a "con", *held*, reversible error even though it cannot be determined whether the prosecution anticipated the response or not, where the prosecution emphasized the answer by asking that it be repeated.

2. CRIMINAL LAW—TRIAL—INTIMIDATION—EVIDENCE—RELEVANCY. Elicitation by prosecution of testimony from its own witness that he had had an encounter with a relative of defendant and had been beaten, in an attempt by the prosecution to suggest that the defendant had procured the beating of the witness in order to intimidate him and to imply that other witnesses had been subjected to similar intimidation *held* improperly admitted and grounds for reversal, where the witness who testified regarding the encounter with the defendant's relative testified favorably to the prosecution, there was no basis for an attempt to impeach his testimony, and no evidence of any attempt to intimidate the other witnesses, and thus the testimony of the encounter provided insufficient basis upon which the jury could reasonably infer that the witnesses were in fact intimidated.

Appeal from Barry, Richard Robinson, J. Submitted Division 3 February 12, 1969, at Grand Rapids. (Docket No. 4,982.) Decided April 22, 1969.

Duane Gordon Van Wie was convicted of larceny from a motor vehicle. Defendant appeals. Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 98, 980 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard M. Bauer,* Prosecuting Attorney, for the people.

*David L. Smith,* for defendant.

BEFORE: Levin, P. J., and Holbrook and Danhof, JJ.

Per Curiam. The defendant Duane Gordon Van Wie appeals from his conviction by a jury of the crime of larceny from a motor vehicle. MCLA § 750.356a (Stat Ann 1954 Rev § 28.588[1]).

Dexter Tobias testified that he, his cousin, Lawrence (Toby) Tobias, and the defendant were out riding in the defendant's automobile and that they stopped near a truck belonging to the owner of the stolen property. He further testified that he was told that Toby removed 2 pairs of work gloves and the defendant took a battery from the truck. Subsequently, according to Dexter, the battery was thrown away.

A State trooper, Orrin J. Smith, who was assigned to investigate the crime, found the work gloves in the defendant's automobile. Lawrence Williams, who was present while Trooper Smith was examining the defendant's automobile, testified as follows:

"*Q.* All right. Go on.

"*A.* And so we went back to the car. Okay, when we got back to this car, after the glove situation, we know it was there—there was a hunting knife.

"*Q.* Now, what was there? I didn't get your remark.

"*A.* I said, this glove situation. Well now, we are back to the car here. Trooper Smith and I and Duane [the defendant] had went to this car.

"Okay. And on this floor laid a hunting knife, as of which Trooper Smith gave him heck. And he said, 'Now, lookit, you being a "con" should not have this knife in your possession.'

"*Q.* You being a, what?

"*A.* 'Con'—Right or wrong."

Thereupon the defendant's counsel objected and moved for a mistrial. The mistrial was denied and the jury instructed to disregard the foregoing testimony in its deliberations.

Earlier in the trial, the fact that the defendant had a knife in the car was brought out during Dexter's testimony. He testified that after the alleged crime was committed he, Toby and the defendant encountered "6 guys" in a car who menaced them. According to Dexter the defendant took a knife in hand to defend himself against a possible assault. This testimony was also objected to but was allowed to stand.

Dexter's testimony was contradicted by Toby who testified that he stole the work gloves and that he and his cousin Dexter took the battery, and that the defendant was not present at the time these articles were stolen.

Toby's exculpatory testimony was anticipated by the prosecutor. During the course of Dexter's testimony the prosecutor brought out over the defendant's objection an encounter between Dexter and Joseph Williams, a relative of both the defendant and Toby. According to Dexter, Joseph Williams beat up Dexter because Dexter would not go along with an "idea" of Joseph Williams.

The prosecutor's purpose was to suggest that the defendant had procured the beating up of the witness Dexter in order to intimidate him and prevent him from testifying against the defendant and to imply that Toby had also been subjected to intimidation—to explain, in the words of the prosecutor,

"the disparity in the testimony of these two boys [Dexter and Toby] at the trial".

We reverse and order a new trial because the injection of irrelevant and highly prejudicial testimony deprived the defendant of a fair trial.

We have no way of knowing whether the prosecutor anticipated the response regarding the defendant's prior conviction record. The transcript does show that the prosecutor interviewed witnesses prior to trial. Be that as it may, the "con" response was emphasized by the prosecutor's request, innocent or guileful, that the witness repeat the answer. The prejudice to the defendant is apparent.

There was no justification for an attempt to impeach the witness Dexter Tobias. He testified for the prosecution.

The prosecutor made no effort during the examination of the exculpatory witness, Toby, or otherwise, to show that Toby had been intimidated by Joseph Williams or by anyone else. Without more to go on, the jury could not reasonably infer that Toby was in fact intimidated or pressured as to his testimony. The testimony regarding the alleged effort to intimidate Dexter was prejudicial to the defendant.

Reversed and remanded for a new trial.