PEOPLE *v.* SLATER

1. WITNESSES — EVIDENCE — CRIMINAL LAW — CRIMINAL CHARGES — PREJUDICIAL REFERENCES.

Prosecutor's interrogatory remarks, interposed during a defense examination of a detective, as to whether that witness was referring to the booking of defendant on a charge other than first-degree murder, were unnecessary and improper where the prosecutor could have elicited that information by a less prejudicial line of questioning and, whether deliberate or not, such remarks resulted in reversible error.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 480 *et seq.*
[2, 3] 39 Am Jur, New Trial § 66.
53 Am Jur, Trial § 486.
Propriety and effect of prosecuting attorney's argument to jury indicating his belief or knowledge as to guilt of accused. 50 ALR2d 766.

2. CRIMINAL LAW—EVIDENCE—DEFENDANT'S GUILT—PROSECUTOR'S
OPINION.

A prosecutor may expound his beliefs regarding the guilt of
a defendant if such beliefs are based upon the evidence but
he should not be permitted to state what he personally thinks
or believes of defendant's guilt.

3. CRIMINAL LAW—EVIDENCE—DEFENDANT'S GUILT—PROSECUTOR'S
OPINION—APPEAL AND ERROR.

Prosecutor's statement to jury that defendant was "the guy who
killed Napoleon Taylor" was a statement of fact which prop-
erly could only have been made by a witness and, despite the
fact that no objection was raised by the defense and passed
upon by the trial court regarding that statement, the defense
failure to object did not preclude appellate review of that
matter for the first time on appeal since the prosecutor's state-
ment was sufficiently inflammatory so as to result in a mis-
carriage of justice (MCLA § 769.26).

Appeal from Ingham, Marvin J. Salmon, J. Sub-
mitted Division 2 December 4, 1969, at Lansing.
(Docket No. 6,621.) Decided February 5, 1970.
Leave to appeal denied June 30, 1970. 383 Mich 799.

Frank Slater was convicted by a jury of first-
degree murder. Defendant appeals. Reversed and
remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Raymond L. Sco-
deller,* Prosecuting Attorney, *James R. Ramsey,* As-
sistant Prosecuting Attorney, and *Michael G. Harri-
son,* Assistant Prosecuting Attorney, for the people.

*William L. Mackay,* for defendant.

Before: FITZGERALD, P. J., and BRONSON and T. M.
BURNS, JJ.

Fitzgerald, P. J.    Defendant Frank Slater was charged with the murder of Napoleon Taylor on December 5, 1958, pursuant to CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).    He was tried by a jury, convicted of first-degree murder, and on July 1, 1959, he was sentenced to life imprisonment.

On January 11, 1965, a motion was made for a new trial, defendant asserting that the court erred in admitting over his objections his oral and written statement contrary to the rule adopted in *People* v. *Walker* (On Rehearing 1965), 374 Mich 331.    A hearing was held to determine if defendant's statements were voluntary or involuntary.    An order was subsequently entered on the basis of the hearing denying defendant's motion for a new trial.    Leave was later granted for a delayed appeal.

The widow of the deceased who was a witness to her husband's murder testified that on November 23, 1958, defendant had spent most of the afternoon and evening in her home consuming alcoholic beverages with her husband.    Late that evening, the deceased had become drowsy and dropped off to sleep.    The witness further testified to the effect that the defendant, desirous of continued indulgence in the spirits, was unsuccessful in his efforts to rouse Taylor, whereupon he went into the kitchen and returned shortly thereafter with a "jumbo" beer bottle and struck the deceased on the head.    A struggle then ensued between the two men, defendant gained the upper hand and apparently "burked"[1] the deceased.

Defendant makes numerous allegations of error on this appeal.    The most meritorious, and those to which the Court will address itself, concern the al-

---

[1] A term used during the trial, evidently finding its origins in the 19th Century Edinburgh murder team of Burke and Hare who developed a method of suffocating victims, leaving no marks on the body which was ultimately destined for the cadaver supply of local medical schools.

leged impropriety of certain statements made by the prosecution during the trial. The first question with which we are faced concerns an alleged error by the proscutor in asking whether defense counsel was referring to "the murder charge or the other one?" Defendant contends that it was prejudicial error for the prosecutor to interject during the examination of a police detective.

The record discloses that defendant's attorney asked the detective if he had advised the desk officers at the time of the booking that defendant could see no one. At this point, the prosecutor interrupted and asked "whether it was the murder charge or the other one?" Defendant contends that at this time no charge was lodged against him and the aforementioned remark was indicative of a deliberate attempt to convict him in violation of the fundamental rules of evidence. Defendant avers that the court erred in denying the motion for a mistrial.

The record in the instant case indicates that there were two occasions when the prosecutor interposed statements which made reference to the fact that defendant had been booked on another charge. The people argue that defendant had in fact been booked on violation of his parole as well as the murder of Napoleon Taylor. While it is evident that some confusion existed regarding the time when the various charges were made against defendant, the remarks made by the prosecution were unnecessary. The information which the prosecutor was attempting to elicit could have been established by a less prejudicial line of questioning.

In *People* v. *Van Wie* (1969), 17 Mich App 77, this Court reviewed testimony elicited from a witness by the prosecution which made reference to defendant's status as a "con". In its opinion, the Court stated:

"We have no way of knowing whether the prosecutor anticipated the response regarding the defendant's prior conviction record. The transcript does show that the prosecutor interviewed witnesses prior to trial. Be that as it may, the 'con' response was emphasized by the prosecutor's request, innocent or guileful, that the witness repeat the answer. The prejudice to the defendant is apparent."

*Van Wie* was reversed because of the injection of the highly prejudicial and irrelevant testimony, which deprived the defendant of a fair trial.

It is difficult to ascertain whether the remarks made in the instant case were deliberate or not, nevertheless, they constitute the same kind of prejudice held to be reversible error in *Van Wie*.

We are next asked to consider the statement made by the prosecutor during rebuttal to the closing statement of the defense. The prosecutor stated:

"Now, I don't know whether Mrs. Taylor knows more or whether she doesn't, but I do know this much: that this fellow here, Slater, is the guy who killed Napoleon Taylor."

Defendant argues that Michigan law precludes the prosecutor from advancing his personal opinion with regard to the guilt of defendant. The people contend that the above comments of the prosecuting attorney did not constitute grounds for reversal since no objection was raised at the trial and, further, that in its context it is not of such a nature as should merit reversal.

An examination of the authorities indicates that while it is not error for the prosecutor to expound his beliefs regarding the guilt of a defendant based on the evidence, he should not be permitted to state what he personally thinks or believes of defendant's guilt. *People* v. *McElheny* (1922), 221 Mich 50.

In the case of *People* v. *Hill* (1932), 258 Mich 79, the Court reviewed certain allegations of error concerning statements made by the prosecution on what he personally thought of defendant's guilt. In its opinion, the Court stated:

"The prosecuting attorney should be permitted to argue the testimony, but has no right to state what he personally thinks or believes of defendant's guilt, except as shown by proof. If he has first-hand knowledge of facts which legitimately tend to show defendant's guilt, it is his duty to present them under oath from the witness stand the same as any other witness. If his knowledge is only that based upon the testimony, he should confine himself to his duty as a prosecuting official."

See, also, *People* v. *Quick* (1885), 58 Mich 321.

Similarly, in *People* v. *Ignofo* (1946), 315 Mich 626, the Supreme Court reviewed a first-degree murder conviction wherein the prosecution stated, "Joe Neuff killed that man. He has been slick enough and smooth enough to get away with it a number of years. Oh, yes, but there is the record and it has caught up with him." The Court held that the above "was a statement of fact that should only have been made by a witness."

Hence, on the basis of the cases cited, *supra,* and the rule as stated in *Ignofo,* the prosecutor in the instant case made a statement of fact which properly could only have been made by a witness. However, the fact still remains that no objection was raised and passed upon regarding the statement during the course of the trial. Ordinarily such an omission precludes appellate review of the matter for the first time unless a miscarriage of justice would result as contemplated by MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

A complete review of the facts in the instant case leads to the conclusion that the statement made by the prosecutor was sufficiently inflammatory to be controlled by *Ignofo, supra,* wherein the Court stated:

"While no objection was made to such statement at the time it was made or specific charge requested of the court, yet in our opinion such statement could not be eradicated from the minds of the jury and is reversible error."

See, also, *People* v. *Holmes* (1940), 292 Mich 212, and *People* v. *Kelsey* (1942), 303 Mich 715.

On the basis of the above discussion of the law as it relates to the conduct of the prosecution during the trial, we find the remarks, which serve as the basis of this appeal, so prejudicial as to require reversal.

Defendant makes several additional allegations of error which relate to an alleged illegal detention by the Lansing police department, denial of a directed verdict at the close of trial, and the failure of the trial court to disqualify itself from the *"Walker"* hearing. The Court has thoroughly reviewed the above charges of error, but in view of our finding of other clear prejudicial error, *supra,* necessitating reversal, these issues need not be discussed.

Reversed and remanded for new trial.

All concurred.