PEOPLE *v.* OSCAR LEE SMITH

1. CRIMINAL LAW—TRIAL—EVIDENCE—PRIOR CONVICTIONS—MIS-TRIAL.
   Refusal of trial court to grant defendant a mistrial after witness unresponsively testified that defendant lived with him ever since "he got out of Jackson" *held* not reversible error where the witness, defendant's stepfather, was the defendant's own witness and was being questioned by defendant's attorney at the time he made the unresponsive remark, and where the case against the defendant was not a close one based solely on circumstantial evidence.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—PRESERVING QUESTION.
   A defendant may not assign as error the giving or the failure to give instructions to the jury unless he objects to them before the jury retires to consider the verdict (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J.  Submitted Division 1 January 14, 1970, at Detroit.  (Docket No. 6,040.)  Decided

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses §§ 575, 576.
[2] 5 Am Jur 2d, Appeal and Error § 892.

February 25, 1970. Leave to appeal denied May 13, 1970. 383 Mich 781.

Oscar Lee Smith was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* and *Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: Danhof, P. J., and Fitzgerald and McGregor, JJ.

Danhof, J. Defendant was found guilty of robbery armed by a jury, CLS 1961, § 750.529 (Stat Ann 1970 Cum Supp § 28.797). On appeal he alleges that he was denied a fair trial when a witness unresponsively testified that defendant lived with him ever since "he got out of Jackson."

Defense counsel relies on *United States* v. *Smith* (CA 6, 1968), 403 F2d 74, as being directly in point. We disagree. That case concerned a government witness's statement concerning the defendant's prior confinement in the penitentiary made on direct examination and which the prosecutor should have anticipated. The court stressed that it was a close case because the defendant had been acquitted on the first count of knowingly transporting a stolen automobile and was convicted on the second count of knowingly receiving and concealing a stolen automobile, and the only evidence of the defendant's

knowledge that he had a stolen motor vehicle in his possession was circumstantial. The court did not say that it would always be necessary to find such a remark as "he just got out of the penitentiary" grounds for a mistrial.

There are at least two distinguishing aspects in the present case. First, the witness, defendant's stepfather, was the defendant's own witness and was being questioned by the defendant's attorney at the time he made his unresponsive remark. This is not a case of the prosecution pressing for prejudicial statements. Second, this was not a close case based solely on circumstantial evidence. The defense was alibi, but there were two eyewitnesses who identified the defendant at trial.

In *People* v. *Podsiad* (1940), 295 Mich 541, and *People* v. *Fleish* (1948), 321 Mich 443, 463, the court held that when a state's witness made an unresponsive answer to the prosecutor it was not reversible error if the trial court purged the record of the objectionable testimony. In the *Podsiad* case the unresponsive remark referred to the defendant's prior arrest for pandering, and in the *Fleish* case the reference was to defendant's experience at Alcatraz. Subsequently, the Supreme Court held in *People* v. *Greenway* (1962), 365 Mich 547, that the defendant had been deprived of a fair trial and to that extent due process when the prosecution clearly anticipated and hoped for the answer and calculated that it would prejudice the minds of the jurors against the defendant. However, those are not the facts of the present case.

In *People* v. *Camel* (1968), 11 Mich App 219, this Court held that it was grounds for a mistrial when a police officer testifying for the prosecution stated that the defendant had got out of Jackson prison.

Again, it was stressed that the people should have anticipated the response.

Likewise, *People* v. *Van Wie* (1969), 17 Mich App 77, is distinguishable from the instant case. In *Van Wie* it was the prosecutor who elicited the response from the witness regarding the defendant's prior conviction record, and he further compounded the error by requesting that the witness repeat the answer. Thus, the prejudice to the defendant was apparent.

In the instant case the trial judge at the request of the defense counsel waited until he was instructing the jury at the conclusion of the trial to purge the objectionable statement. The trial judge's instructions on this issue were explicit and thorough. We find no error.

Defendant also asserts that the court vouched for the credibility of a prosecution witness and limited the defendant's use of a prior sworn statement. Read in context the remarks complained of by the defendant fall short of constituting prejudicial comment by the court. Defendant's allegation that he was not permitted to use a prior sworn statement to impeach the credibility of a witness is not sustained by the record.

Finally, defendant alleges that the jury instructions were unclear and confusing. No objection was made to them when given, and on appeal defendant has not stated with any specificity wherein the instructions were confusing, unclear or prejudicial, GCR 1963, 516.2. Therefore, we will not review them.

Affirmed.

All concurred.