PEOPLE v. REYNOLDS

EVIDENCE—PRIOR CONVICTION—INVITED ERROR—RAISING QUESTION —DISCRETION.
Trial court did not abuse its discretion in denying a motion for a new trial where the testimony complained of by defendant in seeking the new trial did not, as he asserted, establish that defendant had a prior murder conviction and where if any error occurred in taking the testimony, it was error invited by defendant which could have been corrected had defendant objected in a timely manner.

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 June 2, 1970, at Lansing. (Docket No. 6,749.) Decided June 29, 1970.

Jim Ed Reynolds was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *James Dillard,* Assistant Prosecuting Attorney, for the people.

*Robert M. Crites,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
30 Am Jur 2d, Evidence § 1175.

PER CURIAM.  Defendant's jury trial on a charge of murder in the second degree, CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549), resulted in his conviction for that offense.  He was sentenced thereafter.

During the trial and on cross-examination of a witness for the people, the following questions and answers appeared:

"*Q.* [*By defense counsel*]: Now you indicated to the police, did you not, immediately after this event took place, that the man who came out of the house was Walker, isn't that correct?

"*A.* I said it could be Walker, but I was misled at that time.

"*Q.* You were misled?

"*A.* That's right.

"*Q.* Well, what you are telling me, you were misled by your own eyes?

"*A.* No.

"*Q.* Who misled you?

"*A.* Jack Bristol himself.  He told me that Walker at one time had been in prison for murder, and apparently I—.

"*Q.* Wait a second.  Wait a second.  Are you telling me that—.

"*A.* He said it was one or the other.

The Court: Just a moment.  Wait for the question, Mr. Thurlow.

"*Q.* [*By Mr. Crites*]: You are telling me, then, that you jumped to the conclusion that it was one or the other of these gentlemen, not because of what you saw out there on that particular day, but because of something that someone had said to you in the past, is that correct?

"*A.* That, and the fact—.

"*Q.* And you were going to pin it on somebody?"

No objection was made to this testimony at the time, but the next day defendant moved for a mistrial on the basis that this testimony implied that

defendant had a prior conviction for murder. The motion was denied and defendant appeals from that denial.

The only question presented is whether the trial court abused its discretion in denying the motion for new trial. *In re Earle* (1946), 316 Mich 295. This record does not demonstrate an abuse of discretion. The testimony relied on does not establish that defendant had a prior murder conviction. If any error occurred, it was error invited by defendant, and it could have been corrected had defendant objected in a timely manner. See *People* v *Podsiad* (1940), 295 Mich 541.

Affirmed.