## PEOPLE v. GIBSON

1. CRIMINAL LAW—EVIDENCE—CRIMINAL RECORD—CURING ERROR— NEW TRIAL.

A new trial need not result where the trial applied the proper corrective when the complaining witness testifies over defense counsel's objection that defendant came to him after the crime and asked him not to press charges because defendant had a bad criminal record and the witness's remark was not anticipated or pressed for by the psosecutor.

2. CRIMINAL LAW — WITNESSES — UNRESPONSIVE REMARK — MISCARRIAGE OF JUSTICE.

No miscarriage of justice resulted where evidence of defendant's guilt of breaking and entering an office with intent to commit a larceny was substantial although error occurred when a witness who discovered defendant in the office, after testifying that defendant told the witness he was merely investigating the break-in, unresponsively and rhetorically asked "why did he have on gloves, if that's what he did?" (MCLA §§ 750.110, 769.26).

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J. Submitted Division 1 June 17, 1970, at Detroit. (Docket No. 7,227.) Decided July 31, 1970.

Edward Gibson was convicted of breaking and entering an office with intent to commit larceny. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Witnesses § 574 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

Per Curiam. Defendant was convicted of breaking and entering a doctor's office with intent to commit a larceny therein. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). At trial, the complaining witness testified, over defense counsel's objection, that, after the break-in, defendant came to him and asked that he not press charges because defendant had a bad criminal record. After reviewing the record, we are satisfied that the witness's remark was not anticipated or pressed for by the prosecutor. Under such circumstances, a new trial need not result where, as here, the trial court applies the proper corrective. *People* v. *Smith* (1970), 22 Mich App 133; *People* v. *Podsiad* (1940), 295 Mich 541; *People* v. *Rozewicz* (1924), 228 Mich 231.

Error also is claimed as to an unresponsive remark by an employee of the complaining witness, who discovered the defendant in the doctor's office. At trial, she was relating the events at the doctor's office, wherein she encountered the defendant and the defendant allegedly told her that he was merely investigating the break-in. The witness then rhetorically asked, "Why did he have on gloves, if that's

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

what he did?" Although error, we have examined the trial transcript and find that the other evidence of defendant's guilt is substantial and that no miscarriage of justice has resulted from the witness's unresponsive testimony. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

Affirmed.