**STATE of Iowa, Appellee,**

v.

**Alvin Earl VICKROY, Appellant.**

**No. 54358.**

Supreme Court of Iowa.

March 28, 1973.

Don J. Wilson, West Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond Sullins, Asst. Atty. Gen., and C. R. Bentz, County Atty., Winterset, for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

RAWLINGS, Justice.

Appeal by defendant, Alvin Earl Vickroy, from judgment on jury verdict finding him guilty of operating a motor vehicle while under the influence of alcoholic beverage. We reverse.

The sole issue here posed is whether the prosecuting attorney's uninvited statements in course of his opening and closing arguments to the jury constituted such misconduct as to deny defendant a fair trial.

Defendant's court approved bill of exceptions reveals: "[T]he County Attorney * * * in his opening summation did state to the Jury that he knew the Defendant was guilty to which objection was im-mediately made * * * and that the Court did overrule said objection * * *."

The record also discloses the county attorney, in closing argument, stated: "How many of you people coming around that corner heading west on 92 from Patterson that night or had the members of your family, any of them, in the car coming that direction—."

Defense counsel promptly moved for a mistrial upon the ground:

"The last remarks of the County Attorney which have been repeated are designed to create prejudice and ill feeling against the Defendant, are not fair response to anything the attorney for the Defendant stated in his argument or summation and completely designed to be prejudicial."

The above motion was immediately overruled whereupon defense counsel asked that the court instruct the jury to disregard such statement. Trial court's response was: "Overruled, it will stand."

I. We have repeatedly condemned such prosecutorial misconduct. See, *e. g.*, State v. Allison, 260 Iowa 176, 183–184, 147 N.W.2d 910 (1967).

This court also placed an indelible stamp of disapproval thereon in State v. Levy, 160 N.W.2d 460, 466–467 (Iowa 1968), and in so doing said:

"Most appropriate at this point is a statement set forth in Viereck v. United States, 318 U.S. 236, 248, 63 S.Ct. 561, 566, 87 L.Ed. 734, 741: ' "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of

which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." '

"More than ever before those engaged in the prosecution of criminal cases would do well to heed the foregoing word of caution, heretofore voiced by this court in State v. Tolson, 248 Iowa 733, 734–735, 82 N.W.2d 105; State v. Poston, 199 Iowa 1073, 1075, 203 N.W. 257; and State v. Van Hoozer, 192 Iowa 818, 822, 185 N.W. 588."

More specifically Canon DR 7–106(C)(4) (1971), Iowa Code of Professional Responsibility for Lawyers says:

"(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:

"* * *

"(4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein."

See generally ABA Standards Relating to The Prosecution Function and The Defense Function, § 7.8, and commentaries at 277–283 (Approved Draft 1971); 53 Am. Jur., Trial, § 486; 23A C.J.S. Criminal Law §§ 1104–1105; Annot., 50 A.L.R.2d 766.

II. We are now called upon to determine whether a mere reprimand will suffice when, as here, defendant's right to a fair trial has been grossly invaded.

No useful purpose will be served by discussing the possible result had trial court promptly stricken the prosecutor's improper statements, *supra,* and simultaneously admonished the jury to totally disregard them. See, however, State v. Green, 254 Iowa 1379, 1383–1386, 121 N.W.2d 89 (1963); State v. McIntyre, 203 Iowa 451, 456–458, 212 N.W. 757 (1927); People v. Slater, 21 Mich.App. 561, 175 N.W.2d 786, 788–789 (1970); 53 Am.Jur., Trial, § 506; 23A C.J.S. Criminal Law § 1116; cf. State v. Carey, 165 N.W.2d 27, 30–33 (Iowa 1969). But see State v. Peterson, 189 N. W.2d 891, 896–897 (Iowa 1971).

No such saving action was instantly taken. Conversely, defendant's objection and mistrial motion, asserted during the county attorney's closing argument was, as aforesaid, overruled with the comment "it will stand". Such a ruling, although probably inadvertent, served only to compound the error.

Unless our Code of Professional Responsibility, quoted above, is accorded full recognition in a case such as is now before us the standard is rendered meaningless. Furthermore, continued violations will be thereby encouraged, thus adding to the burden of trial courts, at the same time endangering otherwise error free and costly prosecutions. See generally People v. Farrar, 36 Mich.App. 294, 193 N.W.2d 363, 365–366 (1971).

III. Holding as we do, error inhered in the county attorney's conduct, noted above, the question next to be resolved is whether a reversal is resultantly necessitated.

■ It is to be inceptionally understood, trial courts are vested with considerable discretion in determining whether prejudice results from trial misconduct on the part of a prosecutor. See State v. Wright, 203 N.W.2d 247, 251 (Iowa 1972); State v. Hephner, 161 N.W.2d 714, 721 (Iowa 1968); Dougherty v. Boyken, 261 Iowa 602, 607–609, 155 N.W.2d 488 (1968).

That discretion is not, however, without limitations. It must be utilized fairly and impartially, not arbitrarily, by application of relevant, legal and equitable principles to all known or readily available facts of a given issue or cause to the end that justice may more nearly be effectuated. See Thornberry v. State Board of Regents, 186 N.W.2d 154, 161 (Iowa 1971); Riley v. Wilson Concrete Company, 184 N.W.2d 689, 690 (Iowa 1971); Jones v. Iowa State Highway Commission, 261 Iowa 1064, 1067, 157 N.W.2d 86 (1968).

Without question the county attorney instantly overreached in two ways. First, in effect, he improperly commissioned himself an expert witness, then exceeded his prerogative as such by expressing an impermissible opinion as to defendant's guilt. See Grismore v. Consolidated Products Co., 232 Iowa 328, 361, 5 N.W.2d 646 (1942).

Additionally, the prosecutor undertook to inflame the fears, passion and prejudice of the jury as against defendant. This was done by inferentially urging the jurors to place themselves and members of their families in a hypothetical position of peril created by a drunken, car operating defendant. This, as aforesaid, was essentially accorded court approval. See State v. Wright, *supra*; State v. Potter, 243 Iowa 970, 973, 54 N.W.2d 516 (1952); State v. Berry, 241 Iowa 211, 223–225, 40 N.W.2d 480 (1950).

■ Moreover, as previously revealed, the above noted prosecutorial misconduct violated a well-established and wholesome canon of ethics.

Prejudice flowing therefrom is self-evident. By the same token Vickroy was denied a fair trial. See The Code 1971, Section 793.18; State v. Wright; State v. Green; and State v. McIntyre, all *supra*.

Defendant's motion for a new trial should have been sustained.

Reversed and remanded for a new trial.