PEOPLE v ALEXANDER

Docket No. 54263. Submitted March 2, 1982, at Detroit.—Decided July 19, 1982.

Defendant, Larry P. Alexander, was convicted of armed robbery and kidnapping by a jury in the Genesee Circuit Court, Philip C. Elliott, J. Defendant appeals raising three issues: that a witness's testimony was prejudicial; that the judge improperly instructed the jury on the elements of asportation and confinement in his kidnapping charge; and that the judge erred in his charges on lesser included offenses. *Held:*

1. Defense counsel raised no objections to the witness's testimony and no curative instructions were requested or given. This may have been part of defense counsel's trial strategy. A curative instruction is not required in such a situation. Rather, the giving of a curative instruction is but one factor to consider. In any event, the statements were not persuasively prejudicial considering their nature and the ample evidence against the defendant.

2. Defense counsel did not object to the instruction on the kidnapping charge. However, since asportation is an essential element of a kidnapping charge, appellate review is not precluded.

3. The kidnapping charge, as given, was sufficient.

4. Instructions on lesser included offenses must be considered in the context of each case. Here, the instructions given were sufficient to instruct the jury on the elements of each lesser included offense.

Affirmed.

R. M. Maher, P.J., concurred in the result only.

1. Witnesses — Criminal Law — Unresponsive Testimony — Appeal.

Unresponsive testimony given by a witness in a criminal trial in

References for Points in Headnotes
[1] 5 Am Jur 2d, Appeal and Error § 602.
[2] 5 Am Jur 2d, Appeal and Error § 623.
[3] 1 Am Jur 2d, Abduction and Kidnapping § 11.
[4] 75 Am Jur 2d, Trial § 882.

response to questions by a prosecutor will not be grounds for reversal where not objected to at the trial.

2. KIDNAPPING — ASPORTATION — JURY INSTRUCTIONS — PRESERVING QUESTION — APPEAL.

Failure to request an instruction in a kidnapping case regarding the asportation necessary to support a conviction or to object to its omission does not preclude appellate review as it pertains to an essential element of kidnapping.

3. KIDNAPPING — ASPORTATION — LESSER UNDERLYING CRIMES.

The movement element required for a kidnapping must not be merely incidental to the commission of a lesser underlying crime, it must be incidental to the commission of the kidnapping.

4. APPEAL — CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

The Court of Appeals, in considering a trial court's instructions on lesser included offenses, considers such instructions in the context of each case to determine whether they were sufficient to instruct on the elements of each lesser included offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Pamela Wistrand Denson,* for defendant on appeal.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

P. J. MARUTIAK, J. A jury convicted defendant of armed robbery, MCL 750.529; MSA 28.797, and kidnapping, MCL 750.349; MSA 28.581.

The defendant and two other individuals met Raymond Cummings, a pawnbroker, at a Flint bar to discuss the sale of some merchandise. The foursome left the bar to examine the wares.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

While en route in one of the other individual's car, the defendant ordered the driver to stop. He then put a knife to Cummings' throat. The defendant relieved Cummings of the contents of his pockets, including a gun. Holding the gun on Cummings, defendant demanded $1,000 in exchange for the victim's freedom.

Cummings was driven to a telephone, where he made a call to arrange payment of the $1,000. He talked with a friend who agreed to bring the money to a pawnshop in Mt. Morris Township. At the pawnshop Cummings was allowed to go to his friend's car and bring the ransom money to the defendant. Cummings was then set free.

Defendant raises three issues on appeal: that a witness's testimony was prejudicial; that the judge improperly instructed the jury on the elements of asportation and confinement in his kidnapping charge; and that he similarly erred in his charges on lesser included offenses.

At trial the prosecutor asked his witness whether he had ever gone to another person's home with the defendant. In answer, the witness alluded to defendant's having a curfew. In response to a question about what was said by defendant in demanding money from Cummings, the witness said that defendant had a friend "in trouble for the same thing". Defense counsel raised no objections to this testimony.

Defendant acknowledges that unresponsive testimony will not be grounds for reversal where not objected to, but contends that the statements here resulted in manifest injustice.

In *People v Oscar Lee Smith,* 22 Mich App 133; 177 NW2d 218 (1970), and in *People v McQueen,* 85 Mich App 348; 271 NW2d 231 (1978), this Court upheld convictions in the face of similar objections.

This Court held that where the prosecutor was not pressing for an anticipated prejudicial statement, where, on objection, the trial judge gave a curative instruction, and where the testimony was not persuasively prejudicial, no reversal was required. The difference in this case is that no objection was made, and no curative instruction was requested or given.

We do not read the decisions as requiring a curative instruction in such a situation, whether after an objection or not. Rather, the giving of a curative instruction is but one factor to consider. Defense counsel's failure to object may have been part of his trial strategy, validly deciding that to do so would be to call the jury's attention to the witness's somewhat vague comments. In any event, the statements were not persuasively prejudicial considering their nature and the ample evidence against the defendant.

The next contention is that the trial judge failed to adequately instruct the jury that the elements of asportation and confinement in the kidnapping charge could not be merely incidental to the armed robbery charge.

Defense counsel did not object to the charge as given. Still, since asportation is an essential element of a kidnapping charge, appellate review is not precluded. *People v Brown,* 105 Mich App 58, 62; 306 NW2d 392 (1981).

In *People v Adams,* 389 Mich 222, 236; 205 NW2d 415 (1973), the Supreme Court held that "the movement element [required for kidnapping] must not be merely incidental to the commission of a lesser underlying crime, *i.e.,* it must be incidental to the commission of the kidnapping". In *People v Barker,* 411 Mich 291, 301; 307 NW2d 61 (1981), the Supreme Court upheld reversal of three

kidnapping convictions because the trial judge "did not inform the jury that asportation for the purpose of kidnapping was essential * * *".

In his instructions, the trial judge charged the jury that the prosecution must prove: "Third, during the course of such confinement, the defendant must have forcibly moved the victim or caused him to be moved from one place to another for the purpose of abduction and kidnapping".

We think the charge, as given, was sufficient to satisfy the requirements set forth in *Barker* and *Adams.*

The final contention of the defendant is that the jury instructions emphasized the charged offenses over the lesser included offenses. Specifically, the defendant claims that by referring back to the instructions given for the charged offenses in enumerating the elements of the lesser included offenses, the judge de-emphasized those lesser offenses, thus impermissibly prejudicing the defendant.

The defendant cites the Supreme Court's reversal of this Court's decision in *People v Turner,* 99 Mich App 733; 298 NW2d 848 (1980), *rev'd* 411 Mich 897; 306 NW2d 103 (1981). This Court reads the *Turner* reversal as applying only to the facts of that case, considering the summary nature of the Supreme Court decision. This Court is of the opinion that instructions on lesser included offenses must be considered in the context of each case. In this case the instructions as given were sufficient to instruct the jury on the elements of each lesser included offense.

Affirmed.

R. M. MAHER, P.J., concurs in the result only.