PEOPLE v STOUDEMIRE

Docket No. 78144. Submitted December 20, 1984, at Detroit.—Decided
February 6, 1985. Leave to appeal applied for.

Wesley J. Stoudemire was charged with assaulting a prison guard
and with being a fourth felony habitual offender in the Jackson
Circuit Court. The supplemental information was predicated
upon three prior felony convictions for breaking and entering,
unarmed robbery and criminal sexual conduct. The three prior
felony convictions were part of a single transaction and oc-
curred at the same time and place. Defendant made a motion
to dismiss the supplemental information, arguing that the
three prior felony convictions arose out of a single transaction
charged in one multi-count information. Defendant claimed
that the three prior convictions count only as one conviction
under the habitual offender statute, and therefore any supple-
mental information should have charged defendant only as a
second offender. Defendant's motion was denied by the trial
court, and defendant was convicted, on his plea of guilty, of
assaulting a prison guard in exchange for dismissal of the
supplemental information, Gordon W. Britten, J. The plea
agreement was complied with. Defendant appealed. *Held:*

A person who has been convicted of three or more felonies,
regardless of whether those convictions were separate or to-
gether for crimes arising out of a single transaction, is subject
to prosecution as a fourth felony habitual criminal upon convic-
tion of one more felony.

Affirmed.

CRIMINAL LAW — HABITUAL OFFENDERS — PRIOR FELONY CONVIC-
TIONS.

A person who has been convicted of three or more felonies,
regardless of whether those convictions were separate or to-
gether for crimes arising out of a single transaction, is subject
to prosecution as a fourth felony habitual criminal upon convic-
tion of one more felony (MCL 769.12; MSA 28.1084).

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 10.
Power of court to make or permit amendment of indictment with
respect to allegations as to prior convictions. 17 ALR3d 1265.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward Grant,* Prosecuting Attorney, and *Joseph P. Greenleaf,* Chief Appellate Attorney, for the people.

*William A. Worth, Jr.,* for defendant on appeal.

Before: BRONSON, P.J., and HOOD and SHEPHERD, JJ.

BRONSON, P.J. Defendant was originally charged with assaulting a prison guard, MCL 750.197c; MSA 28.394(3), and as a habitual offender-fourth offense, MCL 769.12; MSA 18.1084. The supplemental information was predicated upon three prior felony convictions for breaking and entering, unarmed robbery and criminal sexual conduct. Both defendant and the prosecution agree that the three prior felony convictions were part of a single transaction and occurred at the same time and place.

Defendant brought a motion to dismiss the supplemental information, arguing that the three prior felony convictions arose out of a single transaction charged in one multi-count information. Defendant claims that the three prior convictions count only as one conviction under the habitual offender statute, and therefore any supplemental information should have charged defendant only as a second offender. Defendant's motion was denied by the trial court, and defendant thereafter pled guilty to the principal charge in exchange for dismissal of the supplemental information. The plea agreement was complied with, and defendant now appeals as of right from his plea-based conviction.

Defendant again argues that, under the habitual offender statute, the supplemental information

should have charged him only as a second offender, as his three prior felony convictions arose out of a single transaction. Defendant relies for his argument on *People v Ross,* 84 Mich App 218, 223; 269 NW2d 532 (1978). In *Ross,* defendant argued that his two prior felony convictions for breaking and entering and possession of burglary tools could only count as one felony conviction under the habitual offender act because they arose out of the same transaction. This Court agreed with defendant, holding:

"In *People v Lowenstein,* 309 Mich 94, 100-101; 14 NW2d 794 (1944), the Michigan Supreme Court stated:
"'Nor does the fact that defendant was convicted and sentenced on both counts result in conviction for two felonies such as to subject the defendant to additional punishment under the habitual criminal act. *People v Podsiad* [295 Mich 541, 546; 295 NW 257 (1940)].'
See also, 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 761, p 975.
"In the instant case, the two counts did not charge inconsistent offenses. Both arose out of the same transaction, both were provable by the same testimony, only one time and place and subject being involved. It was error to allow the jury to count separately the 1969 breaking and entering and possession of burglary tools convictions as two prior felonies."

Accord, *People v Cavanaugh,* 127 Mich App 632, 644; 339 NW2d 509 (1983). See also, *People v Sears,* 124 Mich App 735, 744; 336 NW2d 210 (1983); *People v Chaplin,* 102 Mich App 748, 753-754; 302 NW2d 569 (1980), *rev'd on other grounds* 412 Mich 219; 313 NW2d 899 (1981).

In the instant case, the trial court correctly recognized that a careful examination of *Lowenstein* and *Podsiad* calls into question the precedential value attributed to them by the *Ross* Court. As the trial court stated:

"The issue addressed in *Podsiad, supra,* was whether the trial court erred in sentencing the defendant on two counts based upon the same act. The Supreme Court found no error in that the defendant was not prejudiced because the two sentences were to run concurrently.

"By way of argument it was contended that sentences upon each of the two counts should not be permitted because the defendant could then be charged as an habitual criminal. The Court dismissed this argument holding that the habitual criminal act is inapplicable to a pending prosecution wherein convictions are obtained on multiple counts. The act applies only to situations involving a subsequent conviction for an additional crime.

"The question raised in *Lowenstein, supra,* is identical to that addressed in *Podsiad, supra.* The two-count information charged the defendant with sodomy and debauching the morals of a minor. Applying the rationale of *Podsiad,* the Court concluded that no error was committed by allowing the convictions on both counts. Again, the Court rejected the argument that to allow both convictions would subject the defendant to the possibility of immediate prosecution as an habitual offender.

"*In neither of these cases did there exist the situation that confronted the Ross Court. The question addressed, although peripherally, was the propriety of basing habitual offender charges on presently obtained convictions. A subsequently committed felony was never involved.* The cases cited as precedent were not precedent." (Emphasis added.)

We agree with the well-reasoned opinion of the trial court and hold that defendant was properly charged under the habitual offender statute as a fourth offender. We find further support for our holding in the language of the statute, as amended in 1978, which states in part:

"(1) *If a person has been convicted of 3 or more felonies,* attempts to commit felonies, or both, whether the convictions occurred in this state or would have

been for felonies in this state if the convictions obtained outside this state had been obtained in this state, *and that person commits a subsequent felony within this state,* the person shall be punished upon conviction as follows * * *." (Emphasis added.) MCL 769.12; MSA 28.1084.

The plain language of this statute focuses exclusively upon the number of prior convictions received by a defendant. Under generally recognized principles of statutory construction, where the statutory language is plain and unambiguous, judicial construction or attempted interpretation to vary the plain meaning of the statute is precluded. *Jones v Grand Ledge Public Schools,* 349 Mich 1; 84 NW2d 327 (1957); *Cole v Detroit Automobile Inter-Ins Exchange,* 137 Mich App 603; 357 NW2d 898 (1984).

Having found that defendant was properly charged as a fourth offender in the supplemental information, it is unnecessary to address defendant's argument that his plea agreement was illusory.

Affirmed.