PEOPLE *v.* WARDELL

1. CRIMINAL LAW—FAILURE TO PROTEST INNOCENCE.

Implicating a defendant by showing his failure to have protested his innocence when confronted with incriminating remarks was clearly error.

2. BURGLARY—EVIDENCE—FAILURE TO PROTEST INNOCENCE.

Witnesses' statements that were used to implicate defendant in a breaking and entering by showing his failure to protest his innocence when confronted with incriminatory remarks constituted error; however, it was not reversible error where defendant admitted that he sat in a car while others effectuated the breaking and entering and there was evidence showing that defendant returned with two participants to one of the witness's homes with stolen guns, was seen holding the guns and playing with them, and accompanied two others in hiding the guns.

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 February 5, 1970, at Lansing. (Docket No. 6660.) Decided August 24, 1970.

Joseph Wardell was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodel-*

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 638–640.
[2] 13 Am Jur 2d, Burglary §§ 44, 53–56.
   29 Am Jur 2d, Evidence §§ 638–640.

*ler,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*George Hamilton Foley,* for defendant on appeal.

Before: LESINSKI, C. J., and McGREGOR and V. J. BRENNAN, JJ.

McGREGOR, J. A complaint and warrant were issued against defendant, charging that he did break and enter with intent to commit larceny therein a certain building, to wit: Robinson's Super City. CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305). Following his arrest, an examination was held and defendant was bound over to the circuit court. When defendant was arraigned, he stood mute and a plea of not guilty was entered for him. Prior to his trial, a motion to suppress evidence was filed; the motion was granted on the day of the trial. A jury returned a verdict of guilty as charged and defendant was sentenced. After denial of his motion for a new trial, defendant appealed by right.

It is undisputed that on April 7, 1968, Robinson's Super City was broken into and a number of guns were stolen. In the early morning hours after the robbery, three men, this defendant, Bob Ripley, and Roger Thayer, brought a box which contained some of the guns into the home of Carol Rist. The guns remained in the Rist home for about three days; during this time they had not been divided among the participants of the robbery nor had they been sold. Also during this time, a man came from Detroit who was going to buy the guns; Joseph Wardell was not there at that time and Bob Ripley showed him the guns. After Roger Thayer shot himself, apparently while engaging in "Russian

roulette," the guns were taken out of the house in an attempt to conceal them.

During the trial, the prosecution called nine witnesses. Of particular importance to this appeal is the testimony of several witnesses who gave testimony which directly implicated defendant Wardell. The only meritorious issues stem from hearsay statements made by the alleged participants of the breaking and entering, which were heard and related by witnesses at trial. One witness testified that one of the participants was her brother and that, on the day following the break-in of the store, she had a conversation with him in the presence of defendant Wardell and that the conversation was about some guns. She testified that she had asked her brother where he had obtained the guns and that he told her they had stolen the guns from Robinson's Super City. Defense counsel objected to the admission of this statement; the court over-ruled the objection.

Another witness testified to the effect that she was present at Carol Rist's home on the day following the robbery, that she heard the fellows talking, one of the fellows being this defendant, about getting some guns from Robinson's Super City, and that during the conversation, something was said about a hole in the wall. Other incriminating remarks were made during this conversation, although it was not known if any were made by this defendant. Defense counsel objected to the admission of this testimony and was again over-ruled by the court.

Defense contends that the clear and unmistakable import of these witnesses' statements were used to implicate the defendant in the crime charged, and asserts that the record does not support the proposition that this defendant acquiesced, by word or comment, in any of the above statements or admitted

their truth. It is clear that the people's purpose was to implicate the defendant by showing his failure to have protested his innocence when confronted with incriminatory remarks. Such a procedure was clearly error.

"The time has not yet come when an accused must cock his ear to hear every damaging allegation and, if not denied by him, have the statement and his silence accepted as evidence of guilt. There can be no such thing as confession of guilt by silence in or out of court. The unanswered allegation by another of the guilt of a defendant is no confession of guilt on the part of the defendant. Defendant, if he heard the statement, was not morally or legally called upon to make denial or suffer his failure to do so to stand as evidence of his guilt." *People* v. *Bigge* (1939), 288 Mich 417, 420. See *People* v. *Gisondi* (1967), 9 Mich App 289; *People* v. *Fry* (1969), 17 Mich App 229.

Furthermore, in the instant case, the prosecution has not advanced any foundation under any other theory to support the admission of such statements.

Although the admission of the above statements constituted error, it was not reversible error, inasmuch as the other evidence against defendant Wardell was overwhelming. Evidence showed that Wardell himself admitted that he sat in the car, at four o'clock in the morning, while the others effectuated the breaking and entering. There was evidence showing that the defendant returned with the other two participants to one of the witness's homes at five a.m. with a box apparently containing the guns. He was seen, together with the alleged participants, holding the guns and playing with them, and on one occasion, when Roger Thayer shot himself, this defendant accompanied two others in hiding the guns in some bushes.

Any error committed herein was harmless beyond a reasonable doubt. *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705). See *People* v. *Fry* (1969), 17 Mich App 229.

Affirmed.

All concurred.