PEOPLE v WASHINGTON

Docket No. 44702. Submitted June 20, 1980, at Lansing.—Decided
October 8, 1980. Leave to appeal denied, 410 Mich 878.

James A. Washington was charged with murder in the first
degree. At his jury trial in Van Buren Circuit Court, Meyer
Washawsky, J., the crucial evidence involved whether the jury
believed the testimony of the defendant, who testified that one
Clifton Driver shot the deceased, or the testimony of Driver and
his girlfriend, both of whom had murder charges arising out of
this incident dropped in exchange for their testimony against
the defendant, who testified that the defendant shot the de-
ceased. The prosecution elicited testimony concerning the de-
fendant's silence in the face of an accusation that he had
murdered the deceased and then commented upon the same
during the closing arguments. The prosecution also called a
police officer as a rebuttal witness to testify that Driver's trial
testimony was "the same" as Driver's prior statements to the
police, this testimony being used to rebut the implication
brought out by defense counsel on cross-examination that Driv-
er's testimony had been fabricated in exchange for a reduction
in charges against him. Defendant was found guilty as charged.
Defendant appeals. *Held:*

1. It was error for the prosecution to introduce evidence of
the defendant's silence in the face of an accusation and to
comment upon that silence during the closing arguments, since
there is no such thing as confession of guilt by silence. Since
the primary question for the jury rested upon the credibility of
the witnesses, it cannot be said that the admission of such
evidence and the comments concerning such evidence was
harmless beyond a reasonable doubt.

2. The use in rebuttal of the police officer's testimony that
the trial testimony of the prosecution's witness was "the same"
as his prior statements to the police was error. While *prior*

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 193, 194.
[2] 29 Am Jur 2d, Evidence § 738.
   30 Am Jur 2d, Evidence § 1082.

consistent statements may be used as substantive evidence where prior inconsistent statements are brought out or where the prior consistent statement will rebut an implication of recent fabrication, neither of these conditions existed in the present case. The defense did not bring out any prior inconsistent statements, and the prior consistent statement did not rebut the implication of recent fabrication, since the prior statement was made subsequent to the plea bargain with the witness, an act which might motivate bias, interest or corruption on the part of the witness. Under these circumstances, where the relative credibility of the witness and the defendant was crucial, the admission of such evidence cannot be said to be harmless error.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — DEFENDANT'S SILENCE — PROSECUTORIAL COMMENTS — HARMLESS ERROR.

It is error for the prosecution to introduce into evidence testimony as to a criminal defendant's silence in the face of an accusation or to comment upon the same during closing argument, there being no such thing as confession of guilt by silence; it cannot be said that such evidence or comments by the prosecution relative to a defendant's silence in the face of an accusation is harmless error beyond a reasonable doubt where the primary question at the trial was credibility of defendant's testimony that another named person, who was a witness for the prosecution, committed the criminal act.

2. WITNESSES — EVIDENCE — PRIOR CONSISTENT STATEMENTS — ADMISSIBILITY — HARMLESS ERROR.

The testimony of a police officer that a prosecution witness's trial testimony was "the same" as his prior statements to the police is inadmissible where the implication of recent fabrication of testimony was based upon that witness's plea bargain and the prior consistent statement was subsequent to the plea bargain; the erroneous admission of prior consistent statement testimony is not harmless error where the credibility of the witness who made the prior statement is crucial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ward S. Hamlin, Jr.,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK, JR., and J. H. PIERCEY,* JJ.

PER CURIAM. Defendant, James A. Washington, was found guilty by a jury of first-degree premeditated murder, MCL 750.316; MSA 28.548. He was sentenced to life imprisonment and appeals by right.

The defendant has raised four issues on appeal. He first contends that the prosecutor improperly questioned witnesses and commented in closing argument on the defendant's silence in the face of an accusatory statement.

The tacit admission rule, which permits a defendant's silence in the face of an accusation to be used against him, is not utilized in criminal cases in Michigan. In *People v Bigge,* 288 Mich 417, 419; 285 NW 5 (1939), the Michigan Supreme Court reversed the defendant's conviction where the prosecutor had stated in his opening statement, without proper objection by the defense, that he would produce a witness who would testify that the defendant had not denied his brother-in-law's statement:

"What's the use of going over this matter again. Charles was guilty as hell."

The Court reasoned:

"The time has not yet come when an accused must cock his ear to hear every damaging allegation against him and, if not denied by him, have the statement and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

his silence accepted as evidence of guilt. There can be no such thing as confession of guilt by silence in or out of court. The unanswered allegation by another of the guilt of a defendant is no confession of guilt on the part of a defendant. Defendant, if he heard the statement, was not morally or legally called upon to make denial or suffer his failure to do so to stand as evidence of his guilt. He said nothing, and what was said in his presence by another was inadmissible, just as the court later held." 288 Mich 417, 420.

In *People v Parks,* 57 Mich App 738, 750; 226 NW2d 710 (1975), the prosecutor had asked a witness whether the defendant had responded to a statement made by the witness:

"*The Witness:* I said it was my opinion he did it, and that his job—he could not have his job back.
"*Q. (By Mr. Wilkinson):* Did he respond in any way to your statement?
"*A.* I don't think so."

In that case, it was not clear if the defendant objected. The Court reversed the defendant's conviction, noting that the adoptive or tacit admission rule in the area of criminal law has been repudiated as violative of the Fifth Amendment right against self-incrimination. See also, *People v Wardell,* 26 Mich App 69; 181 NW2d 788 (1970) (implicating a defendant by showing his failure to have protested his innocence when confronted with incriminating remarks held to be clear error).

The people contend that any error caused by the prosecutor's questions and argument as to the defendant's silence in the face of an accusatory statement was harmless error. The error in this case was not "harmless beyond a reasonable doubt". An error is not "harmless beyond a reasonable doubt":

"If it is reasonably possible that in a trial free of the errors complained of, even one juror might have voted to acquit the defendant, then the error was not harmless, and the defendant must be retried. If, on the other hand, the proof was so overwhelming, aside from the taint of error, that all reasonable jurors would find guilt beyond a reasonable doubt, then the conviction must stand." *People v Christensen,* 64 Mich App 23, 33; 235 NW2d 50 (1975).

The main evidence in the present case was the testimony of the defendant that Clifton Driver had shot the deceased and the testimony of Clifton and his pregnant girlfriend, Thelma Howard, that the defendant had done the shooting. It is reasonably possible that the prosecutor's injection into the evidence of the defendant's implied admission of guilt through silence could have affected at least one juror's decision in balancing the credibility of these three witnesses, and, thus, it cannot be said to have been "harmless beyond a reasonable doubt".

The defendant's second contention is that it was reversible error for the prosecutor to attempt to bolster a witness's trial testimony by introducing, over a defense objection, testimony of a police officer that this witness had made prior consistent statements.

Evidence of prior consistent statements of a witness is generally inadmissible as substantive evidence. *Brown v Pointer,* 390 Mich 346, 351; 212 NW2d 201 (1973), *People v Hallaway,* 389 Mich 265, 276; 205 NW2d 451 (1973) (Justice BRENNAN concurring). Evidence of prior consistent statements is admissible, however, to rebut a charge of recent fabrication or as evidence of whether or not a witness had made a prior inconsistent statement. *People v Harris,* 86 Mich App 301, 305; 272 NW2d

635 (1978), *People v Coles,* 79 Mich App 255, 260-261; 261 NW2d 280 (1977). The evidence in the instant case must qualify under the recent fabrication exception if it is to be admissible, since no evidence of any prior inconsistent statement had been brought out during cross-examination. In *Brown v Pointer,* 41 Mich App 539, 548; 200 NW2d 756 (1972), *rev'd on other grounds* 390 Mich 346 (1973), this Court set forth the guidelines for admission of prior consistent statements to rebut a charge of "recent fabrication":

"Michigan permits the admissibility of prior consistent statements in order to rehabilitate an impeached witness if (1) the impeachment of the sworn testimony attacked the witness as having had a motive for changing or falsifying his testimony so as to have been of recent contrivance or fabrication, and (2) if the earlier consistent statement was given at a time prior to the existence of any fact which would motivate bias, interest, or corruption. *People v Miniear,* 8 Mich App 591 [155 NW2d 222] (1967); *People v Gardineer,* 2 Mich App 337 [139 NW2d 890] (1966)."

The evidence at issue in the present case was testimony of a police officer that Clifton Driver's testimony at trial was "the same" or "for the most part" the same as his earlier statements to the officer on the morning of the shooting and at other times thereafter. The officer did not testify as to the content of the earlier statements. This evidence was not properly admitted to rebut an implication of "recent fabrication" raised by defense counsel during cross-examination of Clifton Driver, since the prior consistent statements were not prior in time to the alleged statements brought out during cross-examination showing a possibility of recent fabrication and, therefore, did not tend to show that the witness's version of the case re-

mained unchanged. See *People v Therrien,* 97 Mich App 633; 296 NW2d 8 (1979).

The cumulative effect of the admission of evidence of the defendant's silence in the face of accusation and evidence that Clifton Driver's earlier pretrial statements were consistent with his testimony at trial was to diminish the credibility of the defendant and to bolster the credibility of a witness for the prosecution. See *People v Harris, supra,* 305. Since the evidence presented by each side in this case was conflicting, witness credibility was crucial to the jury's verdict. It is reasonably possible that in a trial free of these errors at least one juror might have voted to acquit the defendant. *People v Christensen, supra.* Therefore, this error was not harmless.

The defendant's final two claims do not warrant extended discussion. The prosecutor did not improperly vouch for the credibility of witnesses by informing the jury of the plea bargain entered into to secure their testimony, and the trial judge did not err in failing to give a *sua sponte* instruction on accomplice testimony under the circumstances in this case.

Reversed and remanded for new trial.