PEOPLE v HURD

Docket No. 45215. Submitted October 1, 1980, at Detroit.—Decided December 15, 1980. Leave to appeal applied for.

Maurice Hurd was convicted of first-degree criminal sexual conduct, Wayne Circuit Court, Horace W. Gilmore, J. He appeals, alleging that the prosecutor's opening statement was not supported by the proofs presented during trial, and that the trial court erred in excusing a juror outside defendant's presence, in permitting direct examination regarding his prior conviction record, in allowing an inference to be drawn from his pre-arrest actions, and in instructing the jury regarding reasonable doubt. *Held:*

1. The admission of references in the prosecutor's opening statement which were not later supported by proofs offered does not require reversal. The opening statement was made in good faith under circumstances in which defendant did not object.

2. The trial court did not err in excusing a juror in defendant's absence. Defendant was not affirmatively barred from being present, his absence being attributable to his own actions. Defendant's attorney did not move to delay discussion relative to the dismissal, nor did he object to the proceedings following defendant's arrival. The decision was reasonable and was a proper exercise of the court's discretionary power.

3. Defendant's counsel raised the issue of prior convictions during direct examination of defendant, not to impeach the

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 624, 797.
   75 Am Jur 2d, Trial § 209.
[2] 5 Am Jur 2d, Appeal and Error § 778.
   81 Am Jur 2d, Witnesses §§ 419-421.
[3] 21 Am Jur 2d, Criminal Law § 294.
[4] 5 Am Jur 2d, Appeal and Error § 548.
   81 Am Jur 2d, Witnesses § 516.
[5] 21 Am Jur 2d, Criminal Law § 368.
[6] 21 Am Jur 2d, Criminal Law § 356.
[7] 21 Am Jur 2d, Criminal Law § 349 *et seq.*

defendant but to establish that he had never been convicted of a felony. The prosecutor never referred to the subject before or after it was raised. Any prejudice which the dialogue occasioned was minimal and does not require granting a new trial.

4. The trial court erred in permitting the prosecution to imply that defendant's silence when questioned by police officers amounted to an admission of guilt, thereby violating his right to remain silent.

5. The trial court's instruction to the jury, while not constituting error, comes dangerously close to precluding consideration of the lack, want, or insufficiency of the evidence, and, on remand, the trial court should note that a reasonable doubt may arise under such circumstances.

Reversed and remanded.

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — GOOD FAITH ASSERTIONS — PROOFS — APPEAL.

A reference by a prosecutor in his opening statement that something will be proved which is not later proved is not grounds for reversal on appeal if the statement is made in good faith and under circumstances where the defendant did not object.

2. CRIMINAL LAW — IN-CHAMBERS QUESTIONING OF JURORS — ERROR — APPEAL.

The standard by which to determine whether a trial court, by questioning jurors in chambers in a defendant's absence, committed error requiring reversal on appeal is whether there is any reasonable possibility of prejudice.

3. CRIMINAL LAW — DISMISSAL OF JURORS — JUDICIAL DISCRETION.

A trial judge in a criminal case may excuse a juror as an exercise of his discretionary power.

4. APPEAL — FAILURE TO OBJECT — MANIFEST INJUSTICE.

Alleged errors in the admission of testimony during cross-examination by a prosecutor not objected to during trial are not preserved for appeal absent a finding of manifest injustice.

5. CRIMINAL LAW — TACIT ADMISSION RULE — APPLICABILITY — RULES OF EVIDENCE — CONSTITUTIONAL LAW.

The tacit admission rule which permits the introduction into evidence of adoptive admission is not applicable to criminal cases because if the rule were applied it would be violative of a defendant's Fifth Amendment right against self-incrimination (MRE 801[d][2][B]).

6. Criminal Law — Right to Remain Silent — Constitutional Law.

A nonutterance is not a statement, and the fact that a witness did not make a statement may be shown only to contradict his assertion that he did.

7. Criminal Law — Right to Remain Silent — Arrest.

A defendant's right to remain silent is constant; there is no distinction between silence prior to, at the time of, or following arrest.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Gary Dettloff,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: J. H. Gillis, P.J., and Bashara and Cynar, JJ.

J. H. Gillis, P.J. Defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(d)(ii); MSA 28.788(2)(1)(d)(ii). Sentenced to five to ten years in prison, he appeals as of right.

At trial, the prosecutor's opening statement included a comment that the proofs would show that, after the sexual assault, defendant "told one of the men to go downstairs and to heat up a coat hanger", apparently intending to insert it in complainant's vagina. Although the proofs did establish that, on March 28, 1978, defendant engaged in sexual penetration with the complainant, aided or abetted by two other persons (Spanky and Kiyo) under circumstances in which force or coercion was used, the complainant testified that Spanky

approached her with the hanger, that she pulled defendant in front of her, and that Kiyo told Spanky to put the hanger down.

Defendant asserts error because the proofs did not support the prosecutor's opening statement. We find no error, primarily because the complainant's statement to the police which was read into the record during trial indicated that it was defendant who got the hanger, heated it on the stove, and then gave it to Spanky. The prosecutor's opening statement was made in good faith under circumstances where defendant did not object. Reversal is not required on this ground. *People v Moncure,* 94 Mich App 252, 261; 288 NW2d 675 (1979), *People v Joshua,* 32 Mich App 581, 586; 189 NW2d 105 (1971), *lv den* 386 Mich 758 (1971), *cert den* 409 US 853; 93 S Ct 183; 34 L Ed 2d 96 (1972).

On the second day of trial, defendant was at least 25 minutes late for trial. While awaiting his arrival, the trial judge noted that one juror[1] had advised the judge that morning that his (the juror's) son had been arrested for a larceny offense during the weekend. The attorneys joined the judge and the juror in chambers and questioned the juror about his ability to sit on the jury in light of his son's arrest. When they reentered the courtroom, the judge noted on the record that the juror had stated that he knew how defendant's father must have felt while his son was on trial. The defense attorney did not personally desire to excuse the juror, but he stated that he had no objection to the prosecutor's request in that regard. Accordingly, the juror was excused in defendant's absence.

Defendant now claims that his constitutional right to be present at all critical stages of his

[1] Fourteen jurors were originally impaneled.

prosecution was violated when the juror was excused outside defendant's presence.

In *People v Morgan,* 50 Mich App 288; 213 NW2d 276 (1973), the jurors were questioned about their awareness of media publicity while in chambers in defendant's absence. Defendant alleged a right to new trial on this basis, and this Court agreed. The Michigan Supreme Court reversed, however, 400 Mich 527, 536; 255 NW2d 603 (1977), *cert den* 434 US 967; 98 S Ct 511; 54 L Ed 2d 454 (1978), *reh den* 434 US 1041; 98 S Ct 783; 54 L Ed 2d 791 (1978), adopting the following test for analyzing the issue from *Wade v United States,* 142 US App DC 356, 360; 441 F2d 1046, 1050 (1971):

" 'It is possible that defendant's absence made no difference in the result reached. The standard by which to determine whether reversible error occurred [is] * * * whether there is "any reasonable possibility of prejudice" '."

The record does not reveal any reasonable possibility of prejudice in the instant case. Although defendant's delayed arrival in court may have been entirely reasonable, the fact remains that he was not present during the in-court discussion whether to excuse the juror because he was late, not because he was affirmatively barred from being present. Moreover, his attorney did not move to delay the discussion until defendant arrived or voice any objection to the proceedings on defendant's behalf after defendant did arrive in court. Finally, the decision to excuse the juror was reasonable, and, in any event, the judge could have excused the juror even in defendant's presence as an exercise of his discretionary power. *People v Bell,* 74 Mich App 270, 274; 253 NW2d 726 (1977), MCL 768.18; MSA 28.1041.

On direct examination, defendant was asked whether he had ever been arrested and convicted of a felony. Defendant's answer was that "[he] had a record before but it was dropped, the charges were dropped". Further, he answered in the negative the question whether he had ever been found guilty of any felony.

Defendant's testimony does not require the granting of a new trial. Defense counsel's question was not asked in order to impeach defendant, but to establish that he had never been convicted of a felony. Any prejudice which flowed from this dialogue was minimal and cannot be charged in any event to the prosecutor, who never referred to the subject before or after it was raised by defendant. *People v Johnson,* 46 Mich App 212, 219; 207 NW2d 914 (1973), *People v Bearden,* 29 Mich App 416, 418; 185 NW2d 438 (1971), *lv den* 384 Mich 832 (1971).

The most serious question raised on the appeal of this case is whether defendant's constitutional right to remain silent was violated during trial. On direct examination, defendant testified that the complainant had telephoned him about three days after March 28, 1978. Defendant told complainant that he had heard that the police were looking for him on a rape charge and that she should keep defendant's name "out of it". On cross-examination, the following dialogue ensued:

"*Q.* By the way, you didn't go to the police when you heard that they were looking for you?

"*A.* No.

"*Q.* I mean you hadn't been involved in this but you heard that they were looking for you for something you hadn't done but you didn't go to them to talk to them about it?

"*A.* Well, because I thought it was a rumor running around."

Defense counsel did not object to the prosecutor's questions, so the error, if any, is waived absent a finding of manifest injustice. *People v Stinson,* 88 Mich App 672, 674; 278 NW2d 715 (1979).

The error claimed by defendant involves the tacit admission rule which permits the introduction into evidence of adoptive admissions. The rule is not applicable to criminal cases in Michigan. MRE 801(d)(2)(B), *People v Bigge,* 288 Mich 417, 421; 285 NW 5 (1939), *People v Washington,* 100 Mich App 628, 630; 300 NW2d 347 (1980). If the rule were applied in criminal cases, it would violate the Fifth Amendment right against self-incrimination. In *Bigge,* defendant was silent in the face of a statement that he was "guilty as hell". In *Washington,* defendant remained silent "in the face of an accusatory statement".

In *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), defendant was asked by the prosecutor whether he had advised the police that, just before his arrest, two men ran past him. Although the implication inherent in the question was that defendant did not offer an available "defense" to the arresting officers' suspicions, the function of the question was to show defendant's silence in the face of an accusatory action (arrest). The Court reversed defendant's conviction:

"We will not condone conduct which directly or indirectly restricts the exercise of the constitutional right to remain silent in the face of accusation. 'Nonutterances' are not statements. The fact that a witness did not make a statement may be shown only to contradict his assertion that he did." 390 Mich 355, 359.

See, also, *People v Wade,* 93 Mich App 735, 736-740; 287 NW2d 368 (1979), where defendant hid in her basement until the police returned to her home a second time. Recognizing that "[a] defendant's constitutional right to remain silent is constant; there is no distinction between silence prior to, at the time of, or following arrest", the Court affirmed because the trial court gave a cautionary instruction which "alleviated any possible prejudice to the defendant".

Here, no cautionary instruction was requested or given. Further, the jury was confronted with the testimony of two witnesses, the complainant and the defendant, and asked to balance their credibility in a search for the truth. Although the prosecutor did not refer to defendant's answers to his questions during his closing argument, the implication was clearly given during the testimony that, if defendant was innocent, he would have gone to the police to counter the rumor that they were looking for him on a rape charge. Because the entire case hinged on the credibility of defendant and the complainant, we cannot say that, in a trial free of the error, one juror might not have voted to acquit. *People v Christensen,* 64 Mich App 23, 32-33; 235 NW2d 50 (1975), *lv den* 397 Mich 839 (1976).

The final question for our consideration is whether error resulted when the trial court instructed the jury as follows:

"In considering the case, *you are not to go beyond the evidence to hunt for doubts nor should you entertain such doubts as are merely fanciful or based on groundless conjecture.* A doubt to justify an acquittal must be a reasonable doubt. A reasonable doubt is a fair doubt growing out of the testimony of the case. It is not a mere imaginary, captious *[sic]* or possible doubt." (Emphasis supplied.)

The emphasized portion of the instruction was not as carefully worded as it might have been. For purposes of remand, we note that "[a] reasonable doubt may arise 'from the lack, want or insufficiency of the evidence for the State', * * *". *People v Davies,* 34 Mich App 19, 26; 190 NW2d 694 (1971), *lv den* 385 Mich 773 (1971). Hence, to say that the jury should not go beyond the evidence comes dangerously close to precluding consideration of the "lack, want or insufficiency of the evidence".

Reversed and remanded for a new trial.