PEOPLE v CHARLES THOMPSON

Docket No. 53296. Submitted January 6, 1982, at Grand Rapids.—
     Decided April 27, 1982.

    Charles L. Thompson was convicted of kidnapping and first-de-
gree criminal sexual conduct, Calhoun Circuit Court, Creighton
R. Coleman, J. The defendant appeals. *Held:*

    1. The trial court's failure to adequately instruct the jury on
the essential element of asportation in the crime of kidnapping
was error. A defendant's right to a jury determination upon all
essential elements of the offense charged requires that the trial
judge's instructions include all of the essential elements of the
offense and not exclude from jury consideration material issues,
defenses, or theories if there is evidence to support them.

    2. The trial judge erred in failing to instruct the jury on the
defense of consent to first-degree criminal sexual conduct, even
absent objection, because the defendant alleged that the com-
plainant had consented to sexual intercourse.

    3. Because there is no clear legislative intent in the statute
on criminal sexual conduct to authorize multiple convictions
for a single criminal act, the defendant's conviction of both
kidnapping and first-degree criminal sexual conduct violated
the constitutional prohibition of double jeopardy.

    4. The trial court erred in its instruction on the defense of
consent because the instruction erroneously suggested that the
burden of proof on the issue of consent had shifted to the
defendant. The prosecution bears the burden of proving a
defendant's guilt beyond a reasonable doubt and where a
defendant produces enough evidence to put an affirmative

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Abduction and Kidnapping § 11.
[2] 75 Am Jur 2d, Trial § 710.
[3] 65 Am Jur 2d, Rape § 108.
[4] 47 Am Jur 2d, Jury § 1.
[5] 65 Am Jur 2d, Rape § 110.
[6] 81 Am Jur 2d, Witnesses §§ 644-655.
[7] 21 Am Jur 2d, Criminal Law § 183.
  21A Am Jur 2d, Criminal Law § 782.

defense into controversy, the prosecution bears the burden of disproving the affirmative defense beyond a reasonable doubt.

Reversed and remanded with instructions.

1. KIDNAPPING — ASPORTATION.

The element of movement or asportation in a kidnapping must not be merely incidental to the commission of another crime, it must be incidental to the kidnapping; the element of asportation must be shown to be movement having significance independent of any accompanying offense, whether the accompanying offense charged carries equal punishment or is a lesser offense (MCL 750.349; MSA 28.581).

2. CRIMINAL LAW — JURY INSTRUCTIONS.

A defendant's right to a determination by the jury upon all essential elements of the offense for which he is charged requires that the trial judge's instructions include all of the essential elements of the offense charged and not exclude from consideration by the jury material issues, defenses, or theories if there is evidence to support them.

3. RAPE — CRIMINAL SEXUAL CONDUCT.

The statute on criminal sexual conduct, although silent on the defense of consent, impliedly comprehends that a willing, non-coerced act of sexual intimacy or intercourse between persons of sufficient age who are neither mentally defective, mentally incapacitated, nor physically helpless is not criminal sexual conduct; error requiring reversal even absent objection occurs where a trial judge fails to instruct the jury on the defense of consent where the defendant alleges that the complainant had consented to the sexual activity and the defendant is charged with commission of the crime by sexual penetration under circumstances involving commission of a felony.

4. JURY — TRIER OF FACT.

A jury is the sole judge of all of the facts and can choose, without an apparent logical basis, what to believe and what to disbelieve.

5. RAPE — CRIMINAL SEXUAL CONDUCT.

A defendant cannot be convicted of both first-degree criminal sexual conduct by sexual penetration under circumstances involving commission of a felony and the underlying felony (MCL 750.520b; MSA 28.758[2]).

6. EVIDENCE — PRIOR CONSISTENT STATEMENTS.

Evidence of prior consistent statements of a witness is generally

inadmissible as substantive evidence; evidence of prior consistent statements of a witness is admissible, however, to rebut a charge of recent fabrication or as evidence of whether or not the witness had made a prior inconsistent statement; Michigan permits the admissibility of prior consistent statements in order to rehabilitate an impeached witness if (1) the impeachment of the sworn testimony attacked the witness as having had a motive for changing or falsifying his testimony so as to have been of recent contrivance or fabrication, and (2) if the earlier consistent statement was given at a time prior to the existence of any fact which would motivate bias, interest, or corruption.

7. CRIMINAL LAW — AFFIRMATIVE DEFENSES — BURDEN OF PROOF.

The prosecution bears the burden of proving a defendant's guilt beyond a reasonable doubt and, where the defendant produces enough evidence to put an affirmative defense into controversy, the prosecution bears the burden of disproving the affirmative defense beyond a reasonable doubt; shifting of the burden of proof in a criminal case goes to the very heart of the judicial process, and a shift in the burden of proof may not be inferred absent express statutory language to that effect.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Gerald L. Charland,* Senior Assistant Prosecuting Attorney, for the people.

*Nora J. Pasman* and *John Nussbaumer,* Assistants State Appellate Defender, for defendant on appeal.

Before: R. B. BURNS, P.J., and D. F. WALSH and MACKENZIE, JJ.

PER CURIAM. After a jury trial, defendant was convicted of kidnapping, MCL 750.349; MSA 28.581, and first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). Defendant was sentenced to imprisonment for 2 concurrent terms of 15 to 30 years and now appeals by right.

In *People v Adams,* 389 Mich 222; 205 NW2d

415 (1973), the Court held that it was necessary to interpolate an element of asportation or its equivalent in the crime of kidnapping to prevent the kidnapping statute from being unconstitutionally overbroad. The necessary asportation could not be merely incidental to the commission of another underlying lesser crime. In *People v Barker,* 411 Mich 291; 307 NW2d 61 (1981), the Court held that the *Adams* rule applied to cases in which the underlying crime is coequal in punishment to kidnapping. Kidnapping and first-degree criminal sexual conduct are coequal in punishment.

Here the trial judge instructed the jury on asportation as follows:

"[D]uring the course of such confinement the defendant must have forcibly moved the victim or caused her to be moved from one place to another for the purpose of abduction and kidnapping, or must have hidden the victim and kept her in secret confinement."

The instruction as given was insufficient to convey the essential point that the asportation could not be merely incidental to the charged criminal sexual conduct. While counsel for defendant made no relevant objection to the trial judge's instructions, defendant's right to a jury determination upon all essential elements of the offense requires that the trial judge's instructions include all of the essential elements of the offense charged and not exclude from jury consideration material issues, defenses, or theories if there is evidence to support them. *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967), *People v Reed,* 393 Mich 342, 349-350; 224 NW2d 867 (1975). Failure to adequately instruct the jury here on the essential element of asportation was reversible error.

It was also reversible error, even absent objec-

tion, for the trial judge to fail to instruct the jury on the defense of consent to first-degree criminal sexual conduct. See *People v Hearn,* 100 Mich App 749; 300 NW2d 396 (1980). As in *Hearn,* defendant's theory here was that complainant had consented to sexual intercourse. Although *Hearn* involved commission of first-degree criminal sexual conduct by sexual penetration while armed with a weapon, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), we believe that the reasoning used in *Hearn* is equally applicable where defendant is charged with commission of the crime by sexual penetration under circumstances involving commission of a felony, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). The prosecution's reliance on *People v LaPorte,* 103 Mich App 444; 303 NW2d 222 (1981), is misplaced. Contrary to the prosecution's assertion in its brief on appeal, the Court did not determine in that case that the jury need not be instructed on consent where the charge is criminal sexual conduct during the commission of a felony. We see no basis for such a distinction.

The prosecution also relies on the trial judge's instruction that consent is a defense to kidnapping and argues that the jury could not have reasonably found that complainant consented to sexual intercourse but not to kidnapping. We are not persuaded that consensual sexual intercourse is necessarily impossible in the course of a kidnapping. Moreover, the jury is the sole judge of all the facts and can choose, without any apparent logical basis, what to believe and what to disbelieve. *People v Vaughn,* 409 Mich 463, 466; 295 NW2d 354 (1980).

The foregoing errors require reversal of both convictions and a new trial. Defendant here was charged with having committed first-degree crimi-

nal sexual conduct by sexual penetration under circumstances involving commission of a felony, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). The felony relied upon was the charged kidnapping. Since we discern no clear legislative intent in the criminal sexual conduct statute to authorize multiple convictions for a single criminal act, defendant's conviction of both kidnapping and first-degree criminal sexual conduct violated the constitutional prohibition of double jeopardy. *People v Swearington,* 84 Mich App 372; 269 NW2d 467 (1978), *People v Peete,* 102 Mich App 34; 301 NW2d 53 (1980), *lv den* 411 Mich 962 (1981), *People v Brown,* 105 Mich App 58; 306 NW2d 392 (1981), *People v Bouknight,* 106 Mich App 798; 308 NW2d 703 (1981), *People v Clement Anderson,* 111 Mich App 671; 314 NW2d 723 (1981). We recognize, however, that some panels of this Court have taken a contrary position. See *People v Robideau,* 94 Mich App 663; 289 NW2d 846 (1980), and *People v Ferrell,* 99 Mich App 609; 299 NW2d 366 (1980). On remand, the jury should be instructed that it may convict defendant, if at all, of only one of the two offenses. See *People v Jankowski,* 408 Mich 79, 92-94; 289 NW2d 674 (1980).

In *People v Washington,* 100 Mich App 628, 632-633; 300 NW2d 347 (1980), the Court said:

"Evidence of prior consistent statements of a witness is generally inadmissible as substantive evidence. *Brown v Pointer,* 390 Mich 346, 351; 212 NW2d 201 (1973), *People v Hallaway,* 389 Mich 265, 276; 205 NW2d 451 (1973) (Justice BRENNAN, *concurring).* Evidence of prior consistent statements is admissible, however, to rebut a charge of recent fabrication or as evidence of whether or not a witness had made a prior inconsistent statement. *People v Harris,* 86 Mich App 301, 305; 272 NW2d 635 (1978), *People v Coles,* 79 Mich App 255, 260-261; 261 NW2d 280 (1977). The evidence

in the instant case must qualify under the recent fabrication exception if it is to be admissible, since no evidence of any prior inconsistent statement had been brought out during cross-examination. In *Brown v Pointer,* 41 Mich App 539, 548; 200 NW2d 756 (1972), *rev'd on other grounds* 390 Mich 346 (1973), this Court set forth the guidelines for admission of prior consistent statements to rebut a charge of 'recent fabrication':

" 'Michigan permits the admissibility of prior consistent statements in order to rehabilitate an impeached witness if (1) the impeachment of the sworn testimony attacked the witness as having had a motive for changing or falsifying his testimony so as to have been of recent contrivance or fabrication, and (2) if the earlier consistent statement was given at a time prior to the existence of any fact which would motivate bias, interest, or corruption. *People v Miniear,* 8 Mich App 591 [155 NW2d 222] (1967); *People v Gardineer,* 2 Mich App 337 [139 NW2d 890] (1966).' "

On remand, complainant's prior consistent statements shall not be admitted except for one of the purposes ponted out in *Washington.*

The trial judge instructed the jury:

"Consent is a complete defense to the crime of kidnapping provided that you find the following:

"First, that the victim's consent to go with the defendant was not obtained by fraud, duress or threats; and, secondly, that the victim's consent was present throughout the commission of the alleged offense. If you find both of those elements present, then you must return a verdict of not guilty to the charge of kidnapping."

The prosecution bears the burden of proving defendant's guilt beyond a reasonable doubt and, where defendant produces enough evidence to put an affirmative defense into controversy, the prosecution bears the burden of disproving the affirmative defense beyond a reasonable doubt. Compare

*People v Garbutt,* 17 Mich 9 (1868) (insanity), *People v Coughlin,* 65 Mich 704; 32 NW 905 (1887) (self-defense), and *People v MacPherson,* 323 Mich 438; 35 NW2d 376 (1949) (alibi). Shifting of the burden of proof in a criminal case goes to the very heart of the judicial process, and a shift in the burden of proof may not be inferred absent express statutory language to that effect. *People v Rios,* 386 Mich 172, 174-175; 191 NW2d 297 (1971). The instruction reproduced above erroneously suggested that the burden of proof on the issue of consent had shifted to defendant. On remand, if the evidence introduced warrants instructions on consent as a defense to kidnapping or criminal sexual conduct, the instructions should indicate that the burden is on the prosecution to disprove consent beyond a reasonable doubt.

Reversed and remanded for further proceedings in accordance with the foregoing.