## The PEOPLE OF THE TERRITORY OF GUAM, Plaintiff–Appellee,

v.

## Jose Vicente AGUALO, Defendant–Appellant.

### No. 91–10026.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 1991.*

Decided Nov. 7, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App. P. 34(a).

Howard Trapp, Agana, Guam, for defendant-appellant.

Sharilyn K. Byerly, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before SNEED, HUG and LEAVY, Circuit Judges.

PER CURIAM:

Jose Vicente Agualo appeals from a judgment of the Appellate Division of the District Court of Guam affirming his conviction in the Superior Court of Guam. After a jury trial, Agualo was convicted of first degree criminal sexual conduct under circumstances involving the commission of another felony, in violation of 9 Guam Code Ann. §§ 25.15(a)(3) and (b). Agualo contends the Superior Court erred by failing to instruct the jury as to the defense of consent. We have jurisdiction under 48 U.S.C. § 1424–3(c) and we affirm.

We review de novo decisions of the Appellate Division of the District Court of Guam regarding determinations of Guam law. *People of Territory of Guam v. Yang*, 850 F.2d 507, 511 (9th Cir.1988) (en banc).

A defendant is entitled to jury instructions on any defense providing a legal defense to the charges against him and " 'which has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.' " *United States v. Sotelo–Murillo*, 887 F.2d 176, 178 (9th Cir. 1989) (quoting *United States v. Yarbrough*, 852 F.2d 1522, 1541 (9th Cir.), *cert. denied*, 488 U.S. 866, 109 S.Ct. 171, 102 L.Ed.2d 140 (1988)); *see also* 8 Guam Code Ann. § 90.21(b). Failure to give such an instruction when some evidence supports it is reversible error. *Sotelo–Murillo*, 887 F.2d at 178. Here, although there was some evidence in the record that the victim may have assented to Agualo's sexual demands, no evidence was offered that the victim had consented to those demands.

Under Guam law, "[a]ssent does not constitute consent if ... it is induced by force, duress, or deception." 9 Guam Code Ann. § 7.64(c)(3).

■ Agualo's contention that nonconsent is an element of the crime of conviction is unsupported by case law. The Guam statute which establishes the offense of criminal sexual conduct is patterned after Section 750.520b of the Michigan Compiled Laws.[1] We have previously held that decisions of California courts are persuasive on issues of statutory construction and the effect of laws which predate the enactment of the territorial laws of Guam and which precisely follow California statutes. *See Roberto v. Aguon,* 519 F.2d 754, 755 (9th Cir.1975); *see also People of Territory of Guam v. Ojeda,* 758 F.2d 403, 406 (9th Cir.1985) (where Guam law is unclear, California cases are especially persuasive). Because the Guam statute is identical to the Michigan statute after which it is patterned, we view Michigan law to be persuasive in this circumstance.

Under Michigan law, consent of the victim is a defense to a charge of criminal sexual conduct during the commission of a felony. *See People v. Thompson,* 117 Mich.App. 522, 324 N.W.2d 22, 23 (1982); *see also People v. Hearn,* 100 Mich.App. 749, 300 N.W.2d 396, 398 (1980). However, because the legislature eliminated the "necessity of proof of nonconsent by the prosecution," *Hearn,* 300 N.W.2d at 398, failure to give a consent instruction is error only when evidence to support that theory of defense has been introduced, *see Thompson,* 324 N.W.2d at 23. As noted above, no such evidence was introduced at Agualo's trial. Therefore, the trial court did not err by failing to instruct the jury as to the defense of consent.

AFFIRMED.

---

**1.** Mich.Comp.Laws Ann. § 750.520b(1)(c) provides that:

A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if ... sexual penetration occurs under circumstances involving the commission of any other felony.

Agualo was convicted under 9 Guam Code Ann. § 25.15(a)(3), an identical provision.