959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Neil B. SHANGOLD, Defendant-Appellant.
 No. 90-50568.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Neil B. Shangold appeals his conviction following a jury trial for damaging government property, in violation of 18 U.S.C. § 1361. Shangold contends that the district court erred by precluding his necessity defense as a matter of law, and failing to instruct the jury on the necessity defense. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence. People of the Territory of Guam v. Agualo, 948 F.2d 1116, 1117 (9th Cir.1991). "Where the evidence, even if believed, does not establish all of the elements of a defense, however, the trial judge need not submit the defense to the jury." United States v. Dorrell, 758 F.2d 427, 430 (9th Cir.1985). We review de novo a district court's failure to instruct on a defendant's theory of the case. United States v. Lopez, 885 F.2d 1428, 1434 (9th Cir.1989), cert. denied, 493 U.S. 1032 (1990).
 
 
 4
 We review de novo a district court's decision to preclude a necessity defense. United States v. Aguilar, 883 F.2d 662, 692 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991).
 
 
 5
 A district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Dorrell, 758 F.2d 427, 430 (9th Cir.1985). To invoke the necessity defense, therefore, the defendants colorably must have shown that: (1) they were faced with a choice of evils and chose the lesser evil; (2) they acted to prevent imminent harm; (3) they reasonably anticipated a direct causal relationship between their conduct and the harm to be averted; and (4) they had no legal alternatives to violating the law.
 
 
 6
 United States v. Schoon, No. 90-10167, slip op. 1063, 1067 (9th Cir. February 4, 1992). Because the defendant must establish each element, the district court must preclude the necessity defense if the evidence is deficient with regard to any of the four elements. Aguilar, 883 F.2d at 693. As a matter of law, the necessity defense is inapplicable to cases involving indirect civil disobedience. Schoon, No. 90-10167, slip op. at 1069.[1]
 
 
 7
 Here, Shangold attempted to introduce evidence to show that his criminal conduct was justified out of necessity. Shangold claimed that he needed immediate medical attention due to his deteriorating physical condition. He asserted that, without such attention, he could not increase his disability benefits and would be forced to live on the streets. Because life on the streets would be potentially life threatening, Shangold believed he had no choice but to enter the Veterans Administration building and damage government property.[2]
 
 
 8
 The district court denied Shangold's necessity defense because Shangold failed to establish that he was in immediate danger and could avoid that danger only by taking the action that he took. At the time of the offense conduct, Shangold sought to increase his disability rating from 20 to 50 percent and to express his discontent with government and social policies. He failed to establish any causal relationship between his destroying government property and increasing his disability rating. See Dorrell, 758 F.2d at 433 (no causal relation between defendant's entry into air force base and termination of MX missile program); Schoon, No. 10167, slip op. at 1073 (IRS obstruction unlikely to abate killings in El Salvador). To the extent that Shangold was protesting the government's policies, destroying government property was indirect civil disobedience and the necessity defense was inapplicable. See Schoon, No. 10167, slip op. at 1076.
 
 
 9
 The district court did not err by precluding the necessity defense as a matter of law. See id.; Dorrell, 758 F.2d at 434. Accordingly, there was no basis for instructing the jury on the defense. See Agualo, 948 F.2d at 1118.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument, and therefore, denies appellant's request for oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 " '[C]ivil disobedience' is the wilful violation of a law, undertaken for the purpose of social or political protest.... Indirect civil disobedience involves violating a law or interfering with a government policy that is not, itself, the object of protest." Schoon, No. 90-10167, slip op. at 1068 (citation omitted)
 
 
 [2]
 Shangold barricaded himself on the tenth floor of the building and threw office equipment out the windows. In addition, he cut telephone lines and computer cables