PEOPLE v DERRICK VAUGHN

Docket No. 132045. Submitted April 6, 1993, at Lansing. Decided July 19, 1993, at 9:15 A.M. Leave to appeal sought.

Derrick T. Vaughn was convicted by a jury in the Genesee Circuit Court, Donald R. Freeman, J., of criminal sexual conduct in the first degree and kidnapping and thereafter pleaded guilty of being a second-felony habitual offender. The defendant appealed.

The Court of Appeals *held:*

1. The trial court's instruction to the jury that to convict of kidnapping it must find that the defendant "forcibly moved or caused the victim to be moved from one place to another for the purpose of abduction and kidnapping" was insufficient to apprise the jury that the movement of the victim must be incidental to the kidnapping rather than being incidental to the criminal sexual conduct. Accordingly, although the defendant did not object to the jury charge, reversal of the defendant's convictions and a new trial are required in order to avoid manifest injustice.

2. The taking of a second hair sample was neither an abuse of the trial court's order requiring the defendant to submit blood, saliva, and hair samples nor an effort to harass the defendant.

3. Although DNA identification testing has gained acceptance as being a reliable procedure, the prosecution is under no obligation, in the absence of a defense request, to require that such testing be done.

4. The defendant failed to establish that the pretrial identification procedures were impermissibly suggestive. Even if the defendant's skin tone was the darkest of those in the lineup, it is clear that the victim identified him on the basis of the shape of his face and his walk rather than his skin tone.

Reversed and remanded.

REFERENCES

Am Jur 2d, Abduction and Kidnapping, §§ 11, 20, 21; Prosecuting Attorneys, § 27.

Seizure or detention for purpose of committing rape, robbery, or similar offense as constituting separate crime of kidnapping. 43 ALR3d 699.

GRIFFIN, P.J., dissenting, stated that the defendant's convictions should be affirmed because, in the absence of a specific objection to the jury charge at trial, the issue was not preserved and refusing to review the issue would not result in manifest injustice.

1. KIDNAPPING — ASPORTATION — JURY INSTRUCTIONS.

A jury instruction in a trial for kidnapping and criminal sexual conduct that to convict of kidnapping the jury must find that the victim was moved forcibly from one place to another for the purpose of abduction and kidnapping is not sufficient to inform the jury that the movement of the victim must be incidental to the commission of the kidnapping and not merely incidental to the commission of the criminal sexual conduct.

2. EVIDENCE — DNA IDENTIFICATION TESTING.

In the absence of a defense request, the prosecution is under no affirmative obligation to undertake DNA identification testing.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Philip C. Elliott,* Deputy Chief Assistant Prosecuting Attorney, for the people.

*Earl R. Spuhler,* for the defendant on appeal.

Before: GRIFFIN, P.J., and REILLY and FITZGERALD, JJ.

REILLY, J. Defendant was convicted after a jury trial of one count of criminal sexual conduct in the first degree, MCL 750.520b(1)(c); MSA 28.788(2)(1) (c), and one count of kidnapping, MCL 750.349; MSA 28.581. He subsequently pleaded guilty to being a second-felony habitual offender, MCL 769.10; MSA 28.1082, and was sentenced to concurrent terms of forty to sixty years of imprisonment. Defendant now appeals his convictions and sentence as of right. We reverse.

Defendant was charged with and convicted of committing criminal sexual conduct by sexual pen-

etration under circumstances involving the commission of another felony. MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). The other felony was kidnapping. The information in this case provided, with regard to the kidnapping charge, that defendant

> [d]id willfully, maliciously and without lawful authority, forcibly or secretly confine or imprison [complainant] within this State against her will OR did kidnap [complainant] with the intent to cause her to be secretly confined or in any way held to service against her will; contrary to MCL 750.349; MSA 28.581.[1]

I

Defendant argues that there was insufficient evidence to support his convictions because there was insufficient evidence presented with regard to asportation. He also argues that reversal is required because the trial court failed to properly instruct the jury on the elements of kidnapping.

When a defendant is charged with the forcible confinement part of the kidnapping statute, the following elements must be proven beyond a reasonable doubt:

> (1) a forcible confinement of another within the state,
> (2) done wilfully, maliciously and without lawful authority,
> (3) against the will of the person confined or imprisoned, and
> (4) an asportation of the victim which is not

---

[1] Although the information also charged defendant with the form of kidnapping involving the intent to secretly confine, no instructions were given with regard to this crime. Rather, the jury was only instructed with regard to the forcible confinement part of the kidnapping statute.

merely incidental to an underlying crime *unless* the crime involves murder, extortion or taking a hostage. Asportation incidental to these crimes is sufficient asportation for a kidnapping conviction. [*People v Wesley,* 421 Mich 375, 388; 365 NW2d 692 (1984).]

In *People v Adams,* 389 Mich 222, 236; 205 NW2d 415 (1973), the Supreme Court held that "the movement element must not be merely incidental to the commission of a lesser underlying crime, i.e., it must be incidental to the commission of the kidnapping." In *People v Barker,* 411 Mich 291; 307 NW2d 61 (1981), the Court held that the *Adams* rule applied in cases, such as this one, where the underlying crime is coequal in punishment.

We conclude that sufficient evidence was presented so that a rational jury could find beyond a reasonable doubt that the movement of the victim in this case was not "merely incidental" to the sexual assault. See *People v Gwinn,* 111 Mich App 223, 243-244; 314 NW2d 562 (1981), and *People v McNeal,* 152 Mich App 404, 411; 393 NW2d 907 (1986). Nevertheless, we conclude that defendant's convictions must be reversed because the jury instructions in this case were insufficient to inform the jury that the essential element of asportation of the victim could not be merely incidental to the underlying crime of criminal sexual conduct.

The trial court instructed the jury with regard to kidnapping as follows:

Now, in conjunction with that under Count II, he is charged with the kidnapping and, as I've explained to you, the criminal sexual conduct comes about with the kidnapping being a factor in it because that's one of the elements that's described in the statute for it to become criminal sexual conduct in the first degree.

But, separately and apart from that, they have charged him with kidnapping, and here's what they have to say about that: The prosecution, of course, must prove these elements beyond a reasonable doubt, as they must with respect to all charges as brought: He's charged with the crime of kidnapping. . . .

. . . These are the elements the prosecution must prove beyond a reasonable doubt: First, that the victim as described here must have been forcibly confined or imprisoned; second, the victim must have been so confined or imprisoned against her will and without lawful authority; *next, during the course of such confinement the defendant must have forcibly moved or caused the victim to be moved from one place to another for the purpose of abduction and kidnapping.*

*In determining whether or not the movement was for the purpose of kidnapping, you may consider whether the movement was for a few feet or for a substantial distance, [and] that at the time of the confinement the defendant must have intended to kidnap the victim.*

Jury instructions are reviewed as a whole rather than extracted piecemeal to establish error. Even if somewhat imperfect, there is no error if the instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights. *People v Wolford,* 189 Mich App 478, 481; 473 NW2d 767 (1991). However, the instructions to the jury must include all elements of the crime charged. Upon finding that a judge failed to inform a jury of the true nature of the offense charged, we may not countenance claims of "harmless error," but must reverse. *People v Butler,* 413 Mich 377, 386-387; 319 NW2d 540 (1982); *People v Curry,* 175 Mich App 33, 39; 437 NW2d 310 (1989).

Defendant in this case did not object to the jury

instructions as given by the trial court.[2] Accordingly, relief will not be granted in the absence of manifest injustice. *People v Van Dorsten,* 441 Mich 540, 544-545; 494 NW2d 737 (1993).

In *People v Thompson,* 117 Mich App 522; 324 NW2d 22 (1982), this Court held that a similar instruction was insufficient to convey the essential point that the asportation could not be merely incidental to the charged criminal sexual conduct.[3] The defendant in that case, like the defendant in this case, did not object to the instruction. Nevertheless, the Court found that because the defendant had a right to a jury determination of all the essential elements of the offense charged, the failure to adequately instruct the jury with regard to

---

[2] Defense counsel did state before the instructions were read that he was requesting the "standard instructions." CJI2d 19.1 provides, with regard to the element of asportation:

Third, that while he was confining [*name complainant*], the defendant forcibly moved or caused [*name complainant*] to be moved from one place to another for the purpose of kidnapping. If [*name complainant*] was moved as part of a crime other than kidnapping, this is not enough. In this case, for instance, you should consider whether [*name complainant*] was moved for the purpose of kidnapping or as part of the crime of _____.
In determining whether [*name complainant*] was moved for the purpose of kidnapping, you may consider how far [*name complainant*] was moved and whether being moved added any greater danger or threat to [*name complainant*] than the crime of _____. [*Name complainant*] must have been moved for the purpose of kidnapping and this movement must have been independent of the other crime.

[3] The instruction in *Thompson, supra* at 525, provided as follows:

[D]uring the course of such confinement the defendant must have forcibly moved the victim or caused her to be moved from one place to another for the purpose of abduction and kidnapping, or must have hidden the victim and kept her in secret confinement.

The ruling in *Thompson, supra,* that the defendant could not be convicted of criminal sexual conduct in the first degree and kidnapping where kidnapping was used as the underlying felony to establish first-degree criminal sexual conduct was indirectly overruled in *People v Robideau,* 419 Mich 458, 490; 355 NW2d 592 (1984).

the essential element of asportation was error requiring reversal. *Id.* at 525. However, another panel of this Court has found that the same instruction was sufficient to satisfy the requirement of *Adams* and *Barker. People v Alexander,* 118 Mich App 112, 116; 324 NW2d 550 (1982).

In light of the Supreme Court's ruling in *Wesley* that "asportation of the victim which is not merely incidental to an underlying crime, unless the crime involves murder, extortion or taking a hostage" is an element of the offense of kidnapping, we believe that *Thompson* is the better-reasoned opinion and choose to follow it.

We conclude that manifest injustice would result in this case and that reversal is required because the trial court did not adequately inform the jury of an essential element of the offense of kidnapping. *Wesley, supra; Thompson, supra.* The trial judge failed to effectively communicate that the element of asportation needed to establish kidnapping involves movement of the victim that is not merely incidental to the commission of the coequal crime of criminal sexual conduct. See *Butler, supra* at 389.

Although we reverse defendant's convictions on this ground, we will review the other issues raised by defendant to provide guidance on retrial.

II

We reject defendant's argument that his constitutional rights were violated when he was subjected to the taking of a second sample of pubic hair. The trial court in this case issued an order requiring defendant to submit samples of his blood, saliva, and head and pubic hair. Defendant does not challenge the validity of this order. Rather, he argues that it was improper for the

police, upon the request of an evidence technician, to take a second sample of pubic hair.

Initially, we note that defendant apparently did not move to suppress the evidence obtained from the second sample and did not object to the testimony of the evidence technician in this case. Generally, we will not review an issue raised for the first time on appeal. However, if an important constitutional question is involved and is decisive to the case, appellate review is appropriate. *People v Newcomb,* 190 Mich App 424, 431; 476 NW2d 749 (1991).

After reviewing the record, we conclude that the issue of the second hair sample taken from defendant is not decisive. At the time the second sample was taken, there was a court order requiring defendant to submit to such a procedure. We do not believe that the police action in taking another sample on the basis of the request of an evidence technician was an abuse of the court's order or an effort to harass defendant. See *People v Rankins,* 81 Mich App 694; 265 NW2d 792 (1978). Furthermore, the evidence technician's testimony established that it was a hair taken from defendant's head in the first sample that matched a hair found on the victim's shirt.

We also reject defendant's argument that the testimony of a police witness that defendant had refused to cooperate in giving the hair samples was improper. Without addressing the merit of this claim, we note that the police officer's testimony was elicited by defense counsel during cross-examination. Accordingly, defendant cannot now be heard to complain regarding the officer's testimony. *People v Lipps,* 167 Mich App 99, 108; 421 NW2d 586 (1988); *People v Potra,* 191 Mich App 503, 512; 479 NW2d 707 (1991).

III

Defendant also argues that his conviction should be reversed because the prosecution failed to submit the evidence presented in the sexual assault kit for deoxyribonucleic acid (DNA) identification testing. However, defendant does not assert, nor does the record reveal, that defendant ever requested such testing below. Furthermore, defendant is not claiming that he should be or should have been allowed to have such testing conducted. Rather, he argues that the failure by the prosecution to conduct such testing was error requiring reversal. Accordingly, this case is distinguishable from *Dabbs v Vergari,* 149 Misc 2d 844; 570 NYS2d 765 (1990), the case relied upon by defendant to support his argument.

This Court has recently recognized that DNA identification testing has gained general acceptance in the scientific community as reliable. *People v Adams,* 195 Mich App 267, 277; 489 NW2d 192 (1992), modified in part on other grounds 441 Mich 916 (1993). However, defendant has not cited, nor have we found, any authority to support the position that the prosecution was required to have DNA testing done. We believe that there is a distinction between the failure to develop evidence and the failure to disclose evidence. *People v Stephens,* 58 Mich App 701, 705; 228 NW2d 527 (1975). Defendant's rights were not violated in this case.

To the extent that defendant's argument on appeal can be read as a request that this Court order that such testing be done, we decline to do so. Unlike the situation in *Dabbs,* the record in this case reveals that defense counsel was aware of the availability of DNA testing at the time of trial, but failed to request such testing. Furthermore, we

note that the other identification evidence presented at trial was significant.

### IV

Defendant asserts that the pretrial identification procedure in this case was so impermissibly suggestive as to constitute a denial of his due process rights. We disagree.

The determination whether an identification procedure constitutes a denial of due process is made in light of the totality of the circumstances. *People v Lee,* 391 Mich 618, 626; 218 NW2d 655 (1974). In the present case, defendant asserts that the lineup procedure was impermissibly suggestive because his skin tone was darker than that of any of the other participants in the lineup. The fact that there were actual differences in physical characteristics between the participants of a lineup does not necessarily amount to impermissible suggestiveness. *People v Holmes,* 132 Mich App 730, 746; 349 NW2d 230 (1984). Differences are significant only to the extent that they are apparent to the witness and substantially distinguish defendant from the other participants in the lineup. See *People v James,* 184 Mich App 457, 466; 458 NW2d 911 (1990), vacated on other grounds 437 Mich 988 (1991). In this case, the victim testified that she identified defendant because of the shape of his face and the way he walked. There was no indication from her testimony that the tone of defendant's skin was a factor in her identification. Nor is there anything on the record to establish that defendant's skin tone substantially distinguished him from the other men in the lineup. Accordingly, we conclude that the pretrial identification was not impermissibly suggestive. Furthermore, we conclude that an independent basis for

the victim's in-court identification was established pursuant to the factors listed in *People v Kachar,* 400 Mich 78, 95-96; 252 NW2d 807 (1977).

Reversed and remanded. We do not retain jurisdiction.

FITZGERALD, J., concurred.

GRIFFIN, P.J. *(dissenting).* I respectfully dissent. The majority has reversed this case on the basis of instructional error that was not raised specifically on appeal and prompted no objection below. Our Supreme Court has recently held that we are not to decide issues that are not raised and preserved, *Radtke v Everett,* 442 Mich 368, 397-398; 501 NW2d 155 (1993). Further, in the context of the present case, I find no manifest injustice. *People v Van Dorsten,* 441 Mich 540; 494 NW2d 737 (1993). The evidence of defendant's guilt was substantial, and defendant has not identified error requiring reversal. Accordingly, I would affirm.